69 F.3d 1485
 64 USLW 2326, 95 Cal. Daily Op. Serv. 8710,
95 Daily Journal D.A.R. 15,103
 Marsha Kaye GOTRO, Plaintiff-Appellee,
v.
R & B REALTY GROUP; R & B Management Co., Inc.; Howard F.
Ruby; Edward R. Broida, et al., Defendants-Appellants.
Marsha Kaye GOTRO, Plaintiff-Appellee,
v.
R & B REALTY GROUP; Howard F. Ruby; Edward R. Broida;
Oakwood Management Company, Inc.; Robert J. Franks;
Herbert Rosenblum; Jeff Sturman; Nancy Sturman; Bill
Hoffman; Helen Evans; Liza Leonard, Defendants-Appellants.
 Nos. 93-56726, 94-55132.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted April 6, 1995.
Decided Nov. 14, 1995.
 
 Geniene T. Boeck, Gibson, Dunn & Crutcher, Irvine, California, for defendants-appellants.
 Bruce E. McManus, Baker & McManus, Santa Ana, California, for plaintiff-appellee.
 Appeals from the United States District Court for the Central District of California.
 Before: NOONAN, O'SCANNLAIN, and LEAVY, Circuit Judges.
 Opinion by Judge LEAVY; Dissent by Judge O'SCANNLAIN.
 LEAVY, Circuit Judge:
 
 
 1
 In this case we are called upon to decide whether a district court has discretion to award attorneys' fees to a contingency fee litigant under 28 U.S.C. Sec. 1447(c).
 
 
 2
 * The issues before us arose out of procedural maneuverings that took place at the outset of this litigation. On March 12, 1993, Marsha Gotro filed an amended complaint in the Superior Court for Orange County, California, alleging employment-related claims against several defendants. On May 28, some of the named defendants removed the action to federal court. On June 1, in order to protect her position, Gotro filed a Demand for Jury Trial in the district court. On June 17, Gotro filed a Motion to Remand to the State Court; on the same day, some of the named defendants moved to dismiss some of the claims. On June 28, Gotro filed her opposition to the dismissal.
 
 
 3
 On July 12, the district court held a hearing on the Motion to Remand and concluded that the case had been improvidently removed. Consequently, the court ordered a remand to the state court. The order also awarded Gotro her costs and attorneys' fees incurred as a result of the removal, pursuant to 28 U.S.C. Sec. 1447(c).
 
 
 4
 On August 5, Gotro's attorneys submitted an affidavit detailing the attorneys' fees and costs incurred in preparing the Motion to Remand, the Opposition to the Motion to Dismiss, and the Bill of Costs. The affidavit totalled costs and fees at $13,564.05.
 
 
 5
 The defendants then filed an Opposition contending that there was no evidence before the court to establish that Gotro herself had incurred the attorneys' fees detailed in the affidavit. The defendants deposed Gotro on this matter and determined that Gotro had hired her attorneys on a contingent fee basis--that is, if Gotro recovered any damages from the defendants, then she was obligated to pay a percentage of those damages to her attorneys and that she was not obligated to pay any attorneys' fees if she failed to recover damages. With respect to any statutory attorneys' fees that she might recover, Gotro's fee agreement provides:
 
 
 6
 Statutory Fees and Sanctions: I understand that all attorney fees that may be recovered from defendants, by settlement or litigation, pursuant to any law ... shall belong to the attorney. I understand that any sanctions awarded by the court to client and or his attorney in this matter shall belong to the Attorney in return for his efforts related to the hearing or motion which such sanctions are awarded.
 
 
 7
 The district court awarded Gotro the $13,564.05 she requested. The defendants moved for sanctions under Rule 11 of the Federal Rules of Civil Procedure, on the ground that Gotro's attorneys misrepresented to the court that their client had incurred the attorneys' fees when she had not. The district court denied the motion.
 
 
 8
 The defendants appeal both the district court's award of attorneys' fees and its refusal to impose Rule 11 sanctions.
 
 II
 
 9
 Section 1447(c) of Title 28, U.S.C.,[1] provides a vehicle whereby a litigant may obtain a remand of a case to state court when the case has been improperly removed. In the 1988 amendments to this statute, Congress added the provision that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The defendants maintain that this statutory language precludes a district court from awarding attorneys' fees to a litigant who has not actually incurred an obligation to pay those fees.
 
 
 10
 In Moore v. Permanente Medical Group, Inc., 981 F.2d 443 (9th Cir.1992), the issue on review was whether the district court applied the correct legal standard for an award of attorneys' fees under the amended version of section 1447(c). Prior to the 1988 amendments, we had held that a finding of bad faith was required to award attorneys' fees under section 1447(c). See Schmitt v. Insurance Co. of N. Am., 845 F.2d 1546, 1552 (9th Cir.1988). In Moore we concluded that Congress had abandoned the bad faith standard and given the district court wide discretion to award attorneys' fees. We stated:
 
 
 11
 Under the "American rule," attorney's fees may not be awarded absent statutory or contractual authorization, or a finding of bad faith. Alyeska Pipeline Serv. Co. v. Wilderness Soc., 421 U.S. 240, 257, 95 S.Ct. 1612, 1621, 44 L.Ed.2d 141 (1975). By adding attorney's fees to costs which may be awarded after remand, Congress provided the statutory authorization necessary to award fees without a finding of bad faith. Congress has unambiguously left the award of fees to the discretion of the district court.
 
 
 12
 981 F.2d at 446.
 
 
 13
 The question is whether by choosing the words "any actual expenses, including attorney's fees, incurred " Congress intended to remove the discretion of the district court to award fees in certain cases, such as contingent fee or pro bono cases, where the client has not actually "incurred" the obligation to pay her attorneys' fees.
 
 
 14
 The legislative history provides two possible reasons why Congress chose the words "actual expenses incurred." First, Congress may have intended "actual expenses incurred" to be distinguished from a punitive award which was associated with the formerly required bad faith finding for an award of attorneys' fees. For example, "actual expenses incurred" is to be distinguished from a sanctions award under Rule 11, which is also available under a section 1447(c) removal. The House Report on this legislation states:[T]he proposed amendment to section 1447(c) will ensure that a substantive basis exists for requiring payment of actual expenses incurred in resisting an improper removal; civil rule 11 can be used to impose a more severe sanction when appropriate. H.R.Rep. No. 100-889, reprinted in 1988 U.S.C.C.A.N. 6033.
 
 
 15
 Second, Congress may have chosen the words "actual expenses incurred" to be distinguished from the former requirement of a bond upon removal. The House Report states:
 
 
 16
 The proposal also would amend section 1447(c) to ensure that the court may order payment of actual expense caused by an improper removal. As noted above, this provision would replace the bond provision now set out in section 1446(d), which covers payment of "all costs and disbursements incurred by reason of the removal proceedings should it be determined that the case was not removable or was improperly removed." H.R.Rep. No. 100-889, reprinted in 1988 U.S.C.C.A.N. 6033.
 
 
 17
 The legislative history of section 1447(c) provides adequate explanation for Congress' choice of the words "actual expenses incurred." These words do not limit the district court's discretion to award attorneys' fees to a contingency fee litigant. Accordingly, the district court's award of attorneys' fees is affirmed.
 
 III
 
 18
 The defendants next challenge the district court's refusal to sanction Gotro pursuant to Rule 11 of the Federal Rules of Civil Procedure. We must apply an abuse-of-discretion standard in reviewing all aspects of a district court's Rule 11 determination. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405, 110 S.Ct. 2447, 2460-61, 110 L.Ed.2d 359 (1990). In Cooter & Gell, the Supreme Court articulated several significant reasons for deferring to a district court's determination of a Rule 11 question. "Familiar with the issues and litigants, the district court is better situated than the court of appeals to marshal the pertinent facts and apply the fact-dependent legal standard mandated by Rule 11." Id. at 402, 110 S.Ct. at 2459. The Court went on to note that "[t]he district court is best acquainted with the local bar's litigation practices and thus best situated to determine when a sanction is warranted to serve Rule 11's goal of specific and general deterrence." Id. at 404, 110 S.Ct. at 2460.
 
 
 19
 Because Gotro's attorneys filed the affidavit in question on August 5, 1993, we apply the version of Rule 11 that existed at that time. See In re Yagman, 796 F.2d 1165, 1185-86 (9th Cir.1986) (applying pre-1983 version of Rule 11 because complaint was filed when the earlier version of the Rule was still in effect). The pertinent portion of the then-existing Rule 11 provided that the signature of an attorney certified
 
 
 20
 that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry [the pleading, motion or other paper] is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
 
 
 21
 According to the defendants, Rule 11 sanctions are warranted here because Gotro's counsel misrepresented Gotro's obligation to pay attorneys' fees in their affidavit. The district court rejected the defendants' claim, holding that "plaintiff's counsel did not misrepresent to the court" but rather "made a good faith request of the court." The district court stated that its granting of the attorneys' fees "was not based upon a belief that the plaintiff, the client herself, had incurred the cost and expense as opposed to the law firm." Finally, the court noted that although counsel "could have been clearer and more forthcoming in his explanation of plaintiff's attorney's fee obligation, the court finds as a matter of law that this behavior does not rise to the level of misconduct contemplated by Rule 11." Given the district court's wide discretion in determining whether Rule 11 sanctions are appropriate, we cannot conclude that the court abused its discretion in refusing to award sanctions in this instance.[2]
 
 
 22
 The judgment of the district court is AFFIRMED.
 
 O'SCANNLAIN, Circuit Judge, dissenting:
 
 23
 The statute at issue, 28 U.S.C. Sec. 1447(c), sets forth procedures for plaintiffs to remand a case to state court when the defendant improperly removed the case to federal court. Of relevance here, that section provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The majority maintains that under such language a district court must award attorneys' fees to a litigant who had not actually incurred an obligation to pay those fees. I respectfully dissent from that portion of the opinion.
 
 
 24
 This issue appears to be one of first impression. The majority points to Moore v. Permanente Medical Group, Inc., 981 F.2d 443 (9th Cir.1992), where we awarded attorneys' fees under section 1447(c) to an attorney who was hired on a contingency fee basis; however, that case did not present the question of statutory interpretation at issue here. Here, the question is whether a statute which provides for the award of "any actual expenses" (expressly including attorneys' fees) that are "incurred" as a result of an improper removal, contemplates an award of fees to a plaintiff who had no obligation to pay for legal services performed in connection with the removal. I believe that if any weight is to be given to the words chosen by Congress, then to ask the question is to answer it.
 
 
 25
 It must be assumed that when Congress chose the words "just costs and any actual expenses, including attorney fees, incurred as a result of the removal," it meant what it said. Consequently, the statute means that a defendant who improperly removes a case to federal court may be liable for costs but only for such attorneys' fees that the plaintiff is actually obligated to pay as a result of the removal episode. I find support for this construction of section 1447(c) in a comparison with other federal statutes awarding attorneys' fees.
 
 
 26
 The language of section 1447(c) is quite different from that of numerous other federal fee-shifting statutes, which provide for an award of "a reasonable attorney's fee" to the prevailing party without any further qualification.[1] Under most such statutes, reasonable attorneys' fees are expressly included as "costs" or separately listed. My research has revealed no other federal fee-shifting statute which limits attorney fee awards, "reasonable" or otherwise, to "actual expenses ... incurred." Obviously, when the statute permits an award of "reasonable" attorneys' fees, it makes no difference whether a plaintiff has a contingency fee agreement with his or her attorney, and courts have devised various formulas for determining what is a "reasonable fee." See Hensley v. Eckerhart, 461 U.S. 424, 433-37, 103 S.Ct. 1933, 1939-41, 76 L.Ed.2d 40 (1983); Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir.1975), cert. denied, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976). In drafting section 1447(c), however, Congress elected to diverge both from the "reasonable attorneys' fee" language almost universally used and the inclusion of such fees as costs. Given this divergence, I cannot help but conclude that Congress' choice of language in section 1447(c) was significant.
 
 
 27
 Gotro first argues that the contingency fee agreement that she entered into did impose on her an obligation to pay attorneys' fees under circumstances such as this one. Gotro points to the "Statutory Fees" provision of her contingency fee agreement, particularly the provision that "all attorney fees that may be recovered from defendants, by settlement or litigation, pursuant to any law ... shall belong to the attorney." Gotro maintains that the quoted provision is an assignment of a contingent benefit under contract law. According to Gotro, the provision means that as soon as the contingency occurs--that is, when attorneys' fees are awarded--then she incurred the obligation of paying her attorneys the fees that were awarded. The fact that she arranged to discharge that obligation by an advance assignment, she argues, does not change the fact that upon the occurrence of the contingency, the obligation for payment was incurred.
 
 
 28
 Such an interpretation of Gotro's contingency fee agreement is implausible. The fact is, if Gotro were eventually to recover damages, she would owe her attorneys the same percentage of the damages regardless of whether the case had previously been improperly removed. Similarly, if Gotro were later to recover nothing, then she would owe her attorneys nothing, despite their having contested the improper removal. Thus, it is clear that Gotro incurred no expenses (including attorney fees) as a result of the removal and consequently was entitled to no award under section 1447(c).
 
 
 29
 Gotro next contends that section 1447(c) was intended to deter improper removals and that this purpose would be poorly served if the statute were read to eliminate a defendant's obligation to pay attorneys' fees for improperly removed cases whenever the defendant's opponent was represented by an attorney on a contingency fee. There are two obvious replies to such contention. First, given the clear language of the statute, it must have been designed primarily to reimburse plaintiffs for unnecessary litigation costs. Thus, plaintiffs who actually incur litigation costs should be reimbursed while those who have not incurred any costs should have no such claim. Second, an attorney who is entering into a contingency fee arrangement with a client can easily draft the contingency fee agreement to provide that in the event of a section 1447(c) prevailing result, the client shall be obligated to pay actual fees. Such a provision will, in turn, trigger the defendant's obligation for attorneys' fees under section 1447(c) and thus will make the attorney whole and will not unfairly prejudice the client.
 
 
 30
 In this case, however, Gotro had not incurred an obligation to pay her attorneys any fees as a result of the removal;[2] thus, I would hold that the district court erred in making an attorney fee award to her.
 
 
 
 [1]
 Section 1447(c) in its entirety provides as follows:
 (c) A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.
 
 
 [2]
 We also reject Gotro's request for sanctions pursuant to Rule 38 of the Federal Rules of Appellate Procedure, which provides sanctions for frivolous appeals, and 28 U.S.C. Sec. 1927, which provides sanctions against litigants who "unreasonably and vexatiously" multiply the proceedings
 
 
 [1]
 See, e.g., 5 U.S.C. Sec. 5596(b)(1)(A)(ii) ("[Plaintiff] ... is entitled ... to receive ... reasonable attorney fees related to the personnel action."); 11 U.S.C. Sec. 523(d) ("The court shall grant judgment ... for the costs of, and a reasonable attorney's fee for the proceeding."); 12 U.S.C. Sec. 3417(a)(4) ("[Defendant] is liable to the customer ... in an amount equal to ... the costs of the action together with reasonable attorney's fees as determined by the court."); 15 U.S.C. Sec. 78u(h)(7)(A)(iii) ("[Plaintiff is entitled to] ... the costs of the action and reasonable attorney's fees as determined by the court."); 15 U.S.C. Sec. 1640(a) ("[Defendant is liable for] ... the costs of the action, together with a reasonable attorney's fee as determined by the court."); 15 U.S.C. Sec. 1692K(a)(3) ("[Defendant is liable for] ... the costs of the action, together with a reasonable attorney's fee as determined by the court."); 16 U.S.C. Sec. 1540(g)(4) ("The court ... may award costs of litigation (including reasonable attorney and expert witness fees) to any party."); 18 U.S.C. Sec. 1964(c) ("[Plaintiff] shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee."); 18 U.S.C. Sec. 2520(c) ("Plaintiff shall ... be entitled to recover ... a reasonable attorney's fee and other litigation costs reasonably incurred."); 29 U.S.C. Sec. 216(b) ("The court shall ... allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); 42 U.S.C. Sec. 1988(b) ("The court ... may allow ... a reasonable attorney's fee as part of the costs."); 42 U.S.C. Sec. 2000e-5(k) ("The court may allow ... a reasonable attorney's fee (including expert fees) as part of the costs...."); 42 U.S.C. Sec. 6305(d) ("The court ... may award costs of litigation (including reasonable attorney and expert witness fees) to any party....")
 
 
 [2]
 Gotro's contingency fee agreement obligates her to pay "Litigation Costs and Expenses." Thus, of course, Gotro should be entitled to be reimbursed for the costs of photocopying, amounting to $47.55, that are detailed in the affidavit, under either the "just costs" or "actual expenses ... incurred" portions of section 1447(c)