**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 22 2001**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

MARSHALL HUFFMAN;
VIRGINIA NEWTON,

        Plaintiffs-Appellees,

v.

SAUL HOLDINGS LIMITED
PARTNERSHIP, a Maryland
limited partnership,

        Defendant-Appellant.

No. 99-5239

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 97-CV-602-H)

---

Submitted on the briefs:

Bill V. Wilkinson and Andrew P. DeCann of Wilkinson Law Firm, Tulsa,
Oklahoma, for Plaintiffs-Appellees.

Terry M. Thomas of Crowe & Dunlevy, Tulsa, Oklahoma, for
Defendant-Appellant.

---

Before **SEYMOUR** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

---

**SEYMOUR**, Circuit Judge.

This case involves an award of attorneys' fees following what should have been the conclusion, at least with respect to proceedings in the federal courts, of a case already marred by a lengthy procedural history. We hold that the district court lacked authority to grant plaintiffs Marshall Huffman and Virginia Newton appeal-related fees and, in addition, erroneously failed to conduct an inquiry into the reasonableness of their fee application. Accordingly, we reverse the decision of the district court with directions to vacate its award of appellate fees and to conduct a hearing on the reasonableness of the remaining portions of Huffman and Newton's fee application. [1]

## I. Factual Background

The roots of this dispute lie in a leaky roof. Huffman and Newton leased space from defendant Saul Holdings Limited Partnership to operate a retail furniture store in a shopping center near Tulsa, Oklahoma. Saul disclosed the leaks during the lease negotiations and agreed to repair the roof once the lease was signed. Despite Saul's repeated attempts to make the necessary repairs, the leaks persisted. Ultimately Huffman and Newton moved to another location.

[1]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Seeking damages for what they said were lost sales, they brought suit in state court against Saul, alleging breach of contract, rescission, and fraud.

After filing an answer and counterclaim, and after engaging in several rounds of discovery, Saul removed the action to federal court. The district court denied Huffman and Newton's motion for remand, and later granted summary judgment in favor of Saul. This court reversed the district court with respect to both rulings. *See Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072 (10th Cir. 1999). We concluded not only that Saul's notice of removal was untimely, but, in addition, that the existence of disputed, material facts precluded the entry of summary judgment. The panel instructed the district court to return the case to the state court. *Id.* at 1084. [2]

Having secured a remand to state court, Huffman and Newton asked the federal district court to award them attorneys' fees pursuant to 28 U.S.C. § 1447(c), which authorizes costs and fees to a plaintiff who successfully resists a defendant's removal effort, that is, obtains an order remanding the case to state court. Initially, the district court denied Huffman and Newton's fee petition. Their petition, said the court, went beyond the allowable scope of § 1447(c), since

---

[2]     While the untimeliness of the notice of removal by itself would not have been sufficient to justify remand, the additional fact that the entry of summary judgment was improper warranted both reversal and remand to the state court. *Id.* at 1074-75, 1079-80.

it sought fees not just for efforts at opposing removal but for other matters as well.  In response to the court's ruling, Huffman and Newton filed an amended petition, seeking fees only for services related to remand.  The amended petition requested slightly more than $1300 for fees incurred in the    district court, approximately $4000 in appellate fees, and just over $1800 for preparing the fee application itself.  The total amounted to $7099.  The    district court  granted the petition in full.  Saul appeals that ruling.    [3]

## II.  Standard of Review

At the outset, we reject Huffman and Newton's insistence that we review the ruling of the district court under an abuse of discretion standard.  Granted, as Huffman and Newton note, we generally review a district court's decision to award fees for abuse of discretion.  "[B]ut we review de novo the district court's application of the legal principles underlying that decision."    *Nat'l Ass'n of*

---

[3]      Huffman and Newton filed a motion to dismiss Saul's notice of appeal. Their motion charged that the notice was untimely, since it was filed more than thirty days after the   district court   entered final judgment.  Saul sought leave to file a response to the motion out of time, noting that it had recently secured new counsel and that previous counsel inadvertently failed to file such a response.  We grant Saul's request.  In its response to the motion, Saul pointed out that the thirtieth day after final judgment fell on a Saturday.  Citing Fed. R. App. P. 26(a)(3), Saul further noted that when the last day of a time period is a Saturday or a Sunday, those days are not included in any time computation.  The record reflects that Saul filed its notice of appeal on the following Monday.  Pursuant to Fed. R. App. P. 26(a)(3), we deny Huffman and Newton's motion to dismiss.

*Prof'l Baseball Leagues, Inc. v. Very Minor Leagues, Inc.*, 223 F.3d 1143, 1146 (10th Cir. 2000).  In particular, we extend *de novo* review to any statutory interpretation that provides the basis for the award of attorneys' fees. *Hoyt v. Robson Cos.*, 11 F.3d 983, 984 (10th Cir. 1993).

### III.  Appellate Fees

Saul argues first that the district court lacked jurisdiction to award Huffman and Newton appeal-related fees.  We agree that the district court erred, but not for lack of jurisdiction.

In the previous appeal, Huffman and Newton filed in this court the same request for attorneys' fees, including appellate fees, that they originally filed in the district court. [4]  In our decision reversing the district court, we expressly refused to award appellate fees to Huffman and Newton, despite their success on appeal.  We could not have been more clear.  "Plaintiffs' motion for attorneys' fees and costs," we said, "is DENIED." *Huffman*, 194 F.3d at 1084 (emphasis in the original).  "The parties must bear their own costs and fees," we added. *Id.*

Nevertheless, on remand the district court granted Huffman and Newton the very fee request we earlier had rejected.  It did so mindful of our injunction.  "[T]he Tenth Circuit's denial of Plaintiffs' motion for attorney fees," said the

---

[4]    They did not file their amended fee petition with this court.

court, "does not bind the discretion of this court to award fees pursuant to 28 U.S.C. § 1447(c)." Aplt.'s App. at 327. Noting that its discretion rested on an interpretation of the controlling statutory language, the district court explained that § 1447(c) "specifically contemplates the award of such fees by the district court that remands the case to state court." *Id.*[5]

The district court, of course, is correct. It does have discretion to award fees and costs under § 1447(c), *provided* this court or some higher court has not limited the exercise of that discretion. Our earlier decision did just that. Indeed, our denial of Huffman and Newton's request for appellate fees was dispositive; it became law of the case and could not be reconsidered by the district court.

The law of the case "doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983).

---

[5] In full, 28 U.S.C. § 1447(c) reads:

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case. 28 U.S.C. § 1447(c).

The doctrine has particular relevance following a remand order issued by an appellate court. "[W]hen a case is appealed and remanded, the decision of the appellate court establishes the law of the case and ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal." *Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1183 (10th Cir. 1995). The law of the case doctrine is intended to prevent "continued re-argument of issues already decided," *Gage v. Gen. Motors Corp.*, 796 F.2d 345, 349 (10th Cir. 1986), and to preserve scarce court resources–to avoid "in short, Dickens's *Jarndyce v. Jarndyce* syndrome." *McIlravy v. Kerr-McGee Coal Corp*., 204 F.3d 1031, 1035 (10th Cir. 2000).

An "important corollary" to the law of the case doctrine, "known as the 'mandate rule,' provides that a district court must comply strictly with the mandate rendered by the reviewing court." *Ute Indian Tribe v. Utah*, 114 F.3d 1513, 1520-21 (10th Cir. 1997) (internal quotation omitted); *see also Mason v. Texaco, Inc.*, 948 F.2d 1546, 1553 (10th Cir. 1991) ("Under the 'law of the case' doctrine, the district court may not deviate from the appellate court's mandate."). Here the mandate rule prohibited the district court from departing from our earlier decision denying appeal-related fees to Huffman and Newton. In general, we repeat, few restraints cabin a district court's ability to award statutory attorneys'

fees.  This does not hold, however, where an appellate court has issued a mandate that specifically limits the district court's discretion.

Thus, the district court lacked authority, not jurisdiction, to award appellate fees.  Its jurisdiction flowed from both § 1447(c) itself, which allows courts in certain cases to consider an award of attorneys' fees, and our remand order, which returned the mandate in this diversity case to the district court.  The district court's authority, however, was circumscribed by the terms of the mandate and the law of the case doctrine, neither of which is jurisdictional.  *United States v. Gama-Bastidas*, 222 F.3d 779, 784 (10th Cir. 2000) ("Neither the law of the case doctrine nor the mandate rule is jurisdictional.").

In contrast to a jurisdictional defect, exceptions to both rules exist.  For instance, a district court may deviate from the mandate "under exceptional circumstances, including (1) a dramatic change in controlling legal authority; (2) significant new evidence that was not earlier obtainable through due diligence but has since come to light; or (3) if blatant error from the prior . . . decision would result in serious injustice if uncorrected."  *United States v. Webb*, 98 F.3d 585, 587 (10th Cir. 1996) (quotation omitted).  None of these exceptions is present here.  Similarly, three "exceptionally narrow" grounds justify departing from the law of the case doctrine:  "(1) when the evidence in a subsequent trial is substantially different; (2) when controlling authority has subsequently made

a contrary decision of the law applicable to such issues; or (3) when the decision was clearly erroneous and would work a manifest injustice." *McIlravy*, 204 F.3d at 1035. Again, the district court faced none of these exceptions, nor do we.

Our conclusion rejecting Huffman and Newton's claims for appellate fees mirrors the Third Circuit's opinion in *Yaron v. Township of Northampton*, 963 F.2d 33 (3d Cir. 1992). The court held there that once the court of appeals "has entertained an application for appellate attorneys' fees, a district court may not." *Id.* at 37. *Jaron* rested its ruling exclusively on the mandate rule. We adopt that reasoning and extend it to include, as well, the complementary doctrine of law of the case. Additionally, our conclusion underscores the rule we announced in *Hoyt v. Robson Cos.* There we held that an application for appellate fees must first be made to our court. *Hoyt*, 11 F.3d at 985. "Should we decide that it is appropriate to award such fees, we may then remand to the district court to determine an award of reasonable fees." *Id.* On occasion, as this case demonstrates, we disagree with the district courts about the appropriateness of a fee award. Adhering to the *Hoyt* rule will prevent such disagreements from resulting in unnecessary appeals. [6]

---

[6] *Hoyt* was clear that an application for appellate fees must "first" be made to this court, unless there is an "explicit" statutory or other provision to the contrary. *Id.* It did not endorse what Huffman and Newton did here: they submitted identical fee applications, seeking both appellate and district court fees, in our court and the district court.

## IV. Reasonableness of the Attorneys' Fees

In addition to challenging Huffman and Newton's entitlement to appellate fees, Saul objected to numerous time entries on their fee application with respect to fees in the district court. For example, Saul questioned the reasonableness of a four-hour trip to the federal courthouse to retrieve a document and file a motion. Saul also claimed that the $1800 charged to prepare the fee application, representing 25 percent of the total amount sought in the petition, was excessive.

From our perspective, these objections are not without merit; at a minimum, it seems to us, they demand a response from Huffman and Newton. Yet the district court refused to consider Saul's objections, stating that "the statute [§ 1447(c)] permits recovery of *actual* fees incurred as a result of the removal *rather than allowing a reasonable fee* to be determined by the Court." Aplt.'s App. at 327-28 (emphasis added). Consequently, the district court granted the fee petition in full, without conducting an independent inquiry into the reasonableness of the fees demanded. In eschewing such a role, the court erred.

No doubt the district court intended to interpret the statute literally. Hence its focus on the statute's use of the word "actual." To be sure, § 1447(c) declares that an order remanding a case to state court "may require payment of just costs and any actual expenses, including attorneys' fees." 28 U.S.C. § 1447(c). But the district court was selectively literal in its interpretation. The statute immediately

qualifies the capacious language quoted above by plainly limiting "actual expenses" to those "incurred as a result of the removal."     *Id.*

Pursuant to this limiting language, it is fair to characterize Saul's argument as presenting a question:  were certain of Huffman and Newton's time entries incurred "as a result of the removal," or instead, as Saul alleges, were they incurred as a result of unreasonable billing practices?  If it is the latter, the billing entries are not compensable under the statute; if it is the former, they are.  The district court  must make the determination.  We see no way for the     court  to perform this task without conducting an inquiry into the reasonableness of the time entries contained in the fee petition submitted by Huffman and Newton.

Our ruling in this regard reflects what     district court s have long presumed. That is, they are duty-bound to ensure that an award of attorneys' fees pursuant to § 1447(c) is reasonable.     *See, e.g., Braco v. MCI Worldcom Communications, Inc.*, 138 F. Supp. 2d 1260, 1271 (C.D. Cal. 2001) ("[T]he Court retains discretion (and presumably a duty) to ensure that the amount of attorneys' fees requested is 'reasonable'");     *Mehney-Egan v. Mendoza*, 130 F. Supp. 2d 884, 885 (E.D. Mich. 2001) ("The Court's directive to the plaintiff to present evidence of her just costs and expenses was not an invitation to indulge in overreaching. Rather, the statutory prescription to award 'just' costs incorporates the concept of reasonableness in assessing a claim for attorney fees.");     *Park Nat'l Bank of*

*Houston v. Kaminetzky*, 976 F. Supp. 571, 584 (S.D. Tex. 1996) ("Section 1447(c) awards payments of just costs and reasonable attorney's fees incurred as a result of an improper removal."); *Summit Mach. Tool Mfg. Corp. v. Great N. Ins. Co.*, 883 F. Supp. 1532, 1533 (S.D. Tex. 1995) ("In computing an attorney fees award under § 1447(c), the Court first multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate.").

Two circuit court cases, both in unusual circumstances, have addressed the award of attorney's fees under § 1447(c), *see Wisconsin v. Hotline Indus. Inc.*, 236 F.3d 363 (7th Cir. 2000); *Gotro v. R & B Realty Group*, 69 F.3d 1485 (9th Cir. 1995). In *Hotline Industries*, Wisconsin sought an injunction in state court to enjoin Hotline from building a marina on Lake Superior. After Hotline removed the case to federal court, Wisconsin successfully obtained an order remanding it to state court. The district court awarded Wisconsin attorneys' fees based on the prevailing rate in the area (Madison, Wisconsin) for lawyers specializing in similar work. The court rested its market rate approach on the general rule for calculating fee awards made pursuant to various fee-shifting statutes calling for a "reasonable" fee, *e.g.* 42 U.S.C. § 1988.

In reversing, the Seventh Circuit noted what it said was the "unusual" and "significant" language contained in § 1447(c), focusing on "actual" and "incurred." *Id.* at 366-67. The court concluded that only *actual* outlays *incurred*

by the government lawyers as a result of removal are recoverable; in other words, market indicated substitutes for actual outlays are not. *Id.* The court remanded the matter to the district court to determine the actual outlays incurred by the state as a result of Hotline's improper removal. *Id.* at 368.

In *Gotro*, the issue was whether an attorney's fee could be awarded under § 1447(c) in a remanded case where the attorney had taken the case on a contingent fee basis and would recover nothing if the case was lost on the merits. *See* 69 F.3d at 1487. Ultimately the Ninth Circuit described the issue as whether Congress had intended by using the words "'any *actual* expenses, including attorney's fees, *incurred*' . . . to remove the discretion of the district court to award fees in certain cases, such as contingent fee or pro bono cases, where the client had not actually 'incurred' the obligation to pay her attorney's fees." *Id.* (emphasis added). The court concluded Congress had not so limited the district court's discretion. The reasonableness of the requested fee was not disputed.

We think both these decisions bolster our conclusion here. Our holding is that the statute's limit on actual fees to those "incurred as a result of removal" requires the district court to conduct some sort of reasonableness inquiry. Our balanced emphasis on the terms "actual" and "incurred" mirrors the common-sense approaches taken in both *Hotline* and *Gotro*. We have concluded that the phrase "incurred as a result of removal" informs and narrows the meaning of

-13-

"actual expenses, including attorney fees." Nothing in either *Hotline* or *Gotro* suggests that courts are compelled to award unreasonable, if actual, fees to plaintiffs who successfully obtain an order of remand. To be compensable, their fees must be actually "incurred," that is, they must reflect efforts expended to resist removal. As we said above, and repeat here, unreasonably high fees are not "incurred" as a result of removal; rather, excessive fee requests flow from, and accumulate by means of, improper billing practices, and will not be recoverable under § 1447(c).

We REVERSE the judgment of the district court and REMAND for further proceedings consistent with this opinion. We GRANT Saul's request for leave to file a response to Huffman and Newton's motion to dismiss, and we DENY the motion to dismiss. Each party shall bear its own costs and fees on appeal.