**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 4 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

PHOEBE THOMPSON; DEAN
ECOFF; MARCIA E. WADE, on
behalf of themselves and all others
similarly situated,

        Plaintiffs - Appellants,

v.

THE STATE OF COLORADO,

        Defendant - Appellee.

No. 02-1036
(D.C. No. 96-S-1791)
(D. Colorado)

---

**ORDER AND JUDGMENT**  *

---

Before **EBEL** , **BALDOCK** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiffs-appellants appeal from the district court's denial, as untimely filed, of their motion to alter or amend judgment made pursuant to Federal Rule of Civil Procedure 59(e). Defendants urge dismissal of the appeal for lack of jurisdiction because of an allegedly untimely filing of the Rule 59(e) motion. Because plaintiffs' motion was timely presented to the district court for filing, we conclude that the district court had jurisdiction to consider the motion and reverse and remand for consideration of the merits.

**I**.

The facts surrounding the presentation of plaintiffs' motion to the district court are undisputed. On November 27, 2001, plaintiffs' courier timely presented for filing a motion to amend the district court's judgment. The motion was presented to the district court. Although the proper district court case number was on the face of the motion and the motion was entitled as one to the district court, the case number in the caption was the number of the Tenth Circuit Court of Appeals file. The clerk of the district court refused to file the motion and instructed the courier to file it with the Tenth Circuit, which the courier did. But the courier did not inform plaintiffs' counsel that the district court refused the filing or that the courier filed the motion with the Tenth Circuit. The State responded to the motion in district court. When plaintiffs' counsel finally discovered that the motion had been filed in the wrong court, plaintiffs refiled the

motion in district court with an explanation of the mix-up and the State's stipulation that it did not oppose the court's consideration of the motion on the merits.

Nevertheless, the district court denied the motion as untimely filed, concluding that it had no authority to enlarge the time for taking action under Rule 59(e). While Federal Rule of Civil Procedure 6(b) does provide that a court may not enlarge the period of time in which a motion must be filed under Rule 59(e), Federal Rule of Civil Procedure Rule 5(e) also prohibits the district court clerk from refusing "to accept for filing any paper presented for that purpose solely because it is not presented in proper form." Fed. R. Civ. P. 5(e). Thus, upon plaintiffs' notice of its attempted timely filing, and having taken judicial notice of the timely filing in the Tenth Circuit, the district court had the authority to enter a *nunc pro tunc* order according the motion a filing date as of the date it was originally presented to the clerk for filing. *Cf. Parissi v. Telechron, Inc.,* 349 U.S. 46, 47 (1955) (holding that failure to timely pay filing fee did not vitiate validity of notice of appeal that was presented to clerk for filing within filing period but not filed); *Houston v. Lack*, 487 U.S. 266, 277 (1988) (holding that notice of appeal was "filed" for jurisdictional purposes when petitioner delivered it to prison authorities for forwarding to the court clerk); *Long v. United States Dep't of Air Force*, 751 F.2d 339, 342 (10th Cir. 1984) (holding that petition for

review was timely "filed" when received by clerk within the time fixed for filing even though it was not stamped as filed until clerk received filing fee and certificate of service after filing period). Such action does not "enlarge" the filing period but simply recognizes the timely presentation of the motion for filing in the proper court. We conclude that the court erred in refusing to consider plaintiffs' motion to amend as untimely filed.

## II.

The State alternatively argues that this court should affirm the district court on the alternative ground that the district court could not grant the relief requested in the Rule 59(e) motion because all contentions raised therein are without merit under the doctrines of mootness, law of the case, and the mandate rule. While we agree that plaintiffs' request for a stay while certiorari was pending is now moot, we reject the State's assertion that the doctrine of law of the case and the mandate rule require denial of plaintiffs' underlying motion on the merits.

**A.** "Law of the case principles do not bar a district court from acting unless an appellate decision has issued on the merits of the claim sought to be precluded." *Wilmer v. Bd. of County Comm'rs*, 69 F.3d 406, 409 (10th Cir. 1995) (quotation omitted). In denying plaintiffs' motion to amend in our prior opinion, we did not rule on the merits of that motion, but rather, declined to exercise our

-4-

discretion to grant leave to amend. We emphasized that an *appellate* court should exercise its power to allow a plaintiff to add a party "sparingly." *Thompson v. Colorado*, 278 F.3d 1020, 1025 n.2 (10th Cir. 2001), *cert denied*, 122 S. Ct. 1960 (2002) (quotation omitted). In declining to exercise our discretion, we recognized that the standards used in considering motions to amend differ drastically depending on the procedural posture of a case. Thus, while an appellate court should add a party only "sparingly," *id.*, motions to amend brought in district court should be freely granted, *see* Fed. R. Civ. P. 15(a) ("leave [to amend] shall be freely given when justice so requires"), unless the proposed amendment would result in unfair prejudice to the non-movant or would be futile. *See Patton v. Guyer,* 443 F.2d 79, 86 (10th Cir. 1971) (prejudice); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1163 (10th Cir. 1991) (futility). These factors likewise control resolution of a motion to amend considered by a district court after a remand.

> The principal factors which are considered in connection with the offer of an amendment [after remand] are, first, whether it will cause delay and, second, whether the adversary will suffer prejudice. Lateness does not of itself justify the denial of the amendment. And the fact that it is offered following remand does not suffice of itself to require denial. Unless the granting of the amendment after remand caused grave prejudice, the action is not an abuse of discretion.
>
> *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751-52 (10th Cir. 1975).

Because the first *Thompson* panel did not analyze prejudice to the State, lateness,

or futility, and based its ruling more on the procedural posture of the case than on a merits determination, "the law of the case doctrine does not reach through . . . to enshrine a substantive determination never in fact made." *Wilmer*, 69 F.3d at 409.

**B.**  The State's argument regarding the mandate rule is intertwined with its law-of-the-case argument.  The mandate rule requires a district court to "comply strictly with the mandate rendered by the reviewing court." *Huffman v. Saul Holdings Ltd. P'ship*, 262 F.3d 1128, 1132 (10th Cir. 2001) (holding that district court had no authority to grant motion for appeal-related fees after appellate court had expressly denied motion for those fees) (quotation omitted).  The State argues that, applying *Huffman*, the district court's authority to consider a motion to amend on remand is likewise foreclosed by the mandate denying the motion to amend on appeal.  Again, we disagree.

*Huffman* is distinguishable because "application for appellate fees must first be made to our court," *id.* at 1133, while motions to amend a complaint should normally be brought in a district court.  Further, in *Huffman*, we ruled on the merits of the motion for appellate fees, *see id.*, while, here, we simply refused to exercise our discretion in part because of the procedural posture of the case.

We recently re-emphasized that, while a district court is "bound to follow the mandate, and the mandate 'controls all matters within its scope, . . . a district

court on remand is free to pass upon any issue which was not expressly or impliedly disposed of on appeal.'" *Procter & Gamble Co. v. Haugen*, ___ F.3d ___,___, 2003 WL 103011, at *3 (10th Cir. Jan 6, 2003) (quoting *Newball v. Offshore Logistics Int'l*, 803 F.2d 821, 826 (5th Cir. 1986). In declining to exercise our discretion to allow amendment, we did not preclude the district court from exercising its discretion to do so on remand. To the contrary, we noted that plaintiffs had neither "alleged nor shown that denial of the motion results in an advantage lost by the Plaintiffs or disadvantage incurred." *Thompson*, 278 F.3d at 1025 n.2. In other words, we refused plaintiffs' request in part because our denial of the motion to amend would not be to plaintiffs' ultimate detriment or prejudice them after remand.

If we were to now foreclose the district court from considering a motion to amend on its merits, plaintiffs would be unfairly disadvantaged in a way clearly not contemplated by, and contrary to the express language of, the mandate. All the mandate required was that the district court grant summary judgment to the State on the issue of sovereign immunity and dismiss it as a defendant. It would not be contrary to the mandate to allow plaintiffs to amend their complaint or,

alternatively, to add Mr. Fisher in his official capacity as a defendant pursuant to Federal Rule of Civil Procedure 21[1], before doing so.

## III.

The State claims that the district court's order is not a final, appealable order due to the fact that the district court has not ruled on the State's Motion for Extension of Time to File a Bill of Costs. But any argument that the appeal should be dismissed based on this erroneous contention is frivolous. *See* Fed. R. Civ. P. 58 ("[e]ntry of the judgment shall not be delayed, nor the time for appeal extended, in order to tax costs or award fees."); *Buchanan v. Stanships, Inc.*, 485 U.S. 265, 268 (1988) ("[A] request for costs raises issues wholly collateral to the judgment in the main cause of action."); *Tyler v. City of Manhattan*, 118 F.3d 1400, 1402 n.1 (10th Cir. 1997) ("The fact that the original judgment left open the issue of costs and attorney fees did not deprive the judgment of finality for purposes of appeal.") (citing *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202 (1988)).

---

[1] Rule 21 provides that "[p]arties may be . . . added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Resort to Rule 21 is appropriate where, as in this case, "requiring dismissal after years of litigation would impose unnecessary and wasteful burdens on the parties, judges, and other litigants waiting for judicial attention." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 836 (1989).

The State's motion to dismiss the appeal is DENIED. The judgment of the United States District Court for the District of Colorado is REVERSED, and the case is REMANDED for consideration of plaintiffs' motion to alter or amend the judgment.

Entered for the Court


David M. Ebel
Circuit Judge