**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 14, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JERRY LEE WILLIAMS,

    Defendant - Appellant.

No. 05-3298
(D. Kansas)
(D.Ct. No. 03-CR-10140-JTM)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Jerry Lee Williams was found guilty following a jury trial of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and sentenced as an

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

armed career criminal to 210 months imprisonment. On direct appeal, Williams raised seven issues. We affirmed his conviction, but vacated his sentence due to the district court's belief the United States Sentencing Guidelines were mandatory. *United States v. Williams*, 403 F.3d 1188, 1199-1200 (10th Cir.) (*Williams I*), *cert. denied*, 126 S.Ct. 178 (2005). Upon remand, the district court imposed the mandatory minimum sentence—180 months imprisonment—under the Armed Career Criminal Act. 18 U.S.C. § 924(e). Exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM.

Williams raises four issues on appeal: (1) in *Williams I*, this Court applied an incorrect standard in reviewing Williams' requested theory of the defense instruction on "fleeting possession"; (2) the district court erred in giving the jury a supplemental instruction on the issue of Williams' knowing possession of the firearm; (3) mere movement of a firearm from one state to another does not satisfy the requirement of §922(g) that the firearm be possessed "in or affecting commerce"; and (4) the district court erred in sentencing Williams as an armed career criminal. Williams admits his second and third issues are the same as those raised in *Williams I*, and thus the "law of the case" doctrine applies. We conclude his first and fourth issues also merely reiterate those raised in *Williams I. See Williams I,* 403 F.3d at 1195, n.7 & 1198.

Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages

of the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). Further, "when a case is appealed and remanded, the decision of the appellate court establishes the law of the case and ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal." *Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1183 (10th Cir.1995). "The law of the case doctrine is intended to prevent continued re-argument of issues already decided . . . ." *Huffman v. Saul Holdings, Ltd. P'ship*, 262 F.3d 1128, 1132 (10th Cir. 2001) (internal quotations and citation omitted). This Court has recognized only three narrow exceptions to the doctrine: "(1) when the evidence in a subsequent trial is substantially different; (2) when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or (3) when the decision was clearly erroneous and would work a manifest injustice." *McIlravy v. Kerr-McGee Coal Corp.*, 204 F.3d 1031, 1035 (10th Cir. 2000) (internal quotations and citations omitted). Williams does not argue these exceptions and rightly so. None of these circumstances exists here. We decided all issues raised in this appeal in *Williams I*. The law of the case doctrine applies.

     AFFIRMED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge