**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 3, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

PETER N. GEORGACARAKOS,

Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

Defendant-Appellee.

No. 06-1223
(D.C. No. 03-D-1246 (OES))
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **BALDOCK**, and **EBEL**, Circuit Judges.

---

Peter N. Georgacarakos appeals from the denial of his Fed. R. Civ. P. 60(b)

motion. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

I

Appellant is an inmate confined to the custody of the Federal Bureau of

Prisons. On July 9, 2003, appellant filed a complaint asserting various claims

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

under the Federal Tort Claims Act (FTCA) arising out of the alleged loss of books and a manuscript that occurred when these items were mailed from the prison where he was confined. Appellant alleged tortious conduct by employees of both the Federal Bureau of Prisons and the United States Postal Service. The United States moved to dismiss the complaint for lack of subject matter jurisdiction. The district court granted the motion and dismissed the action for lack of jurisdiction on September 7, 2004. This court affirmed the district court's decision on August 29, 2005. *See Georgacarakos v. United States*, 420 F.3d 1185, 1186 (10th Cir. 2005).

Almost a year later, on April 11, 2006, appellant filed a Fed. R. Civ. P. 60(b) motion arguing that the district court should rescind its order of dismissal in light of a decision issued by the United States Supreme Court on February 22, 2006 in *Dolan v. U.S. Postal Service*, 126 S. Ct. 1252 (2006). The district court denied the motion for lack of jurisdiction on April 14. Appellant then filed a "Motion to Amend or Transfer Pleading" requesting the district court to "construe his Rule 60(b) motion as a motion appropriate to the legal circumstances, or if the motion has jurisdiction in the Court of Appeals, to transfer the petition to that Court." R., Doc. 65. The district court construed the motion as a motion for reconsideration and then denied it on April 24. Appellant filed a timely notice of appeal on May 18.

We review the district court's denial of a Rule 60(b) motion for abuse of discretion. *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 727 (10th Cir. 1993).

Appellant argues that the district court erred in denying his Rule 60(b) motion because Rule 60(b)(3) gave the district court jurisdiction to review the judgment and the Supreme Court's clarification in the *Dolan* case gave it the authority to do so. Appellant is under the mistaken impression that Rule 60(b)(3) can be used "for a clarification in case law and within two years of final disposition," which then gives the case "to the district court anew." Aplt. Reply Br. at 2.

> Rule 60(b)(3) states:
>
> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

Fed. R. Civ. P. 60(b)(3). Moreover, the rule states that a motion brought pursuant to 60(b)(3) must be made "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.* Appellant did not allege in his 60(b) motion that his case should be reopened due to fraud, misrepresentation or other misconduct of the United States and he did not file the motion within one year of the entry of final judgment on September 7, 2004. Appellant's 60(b) motion

simply focused on the merits of his case and requested that the district court reopen the case in light of the *Dolan* decision.  R., Doc. 63.

Appellant also asserts that relief is appropriate under Rule 60(b)(6), which allows a district court to relieve a party from a final judgment for "any other reason justifying relief from operation of the judgment."  Fed. R. Civ. P. 60(b)(6). Unless extraordinary circumstances exist, however, Rule 60(b)(6) does not provide any relief once this court has issued its mandate affirming the district court's judgment.  *See Colo. Interstate Gas Co. v. Natural Gas Pipeline Co.*, 962 F.2d 1528, 1534 (10th Cir. 1992).

The district court denied appellant's Rule 60(b) motion for lack of jurisdiction.  Although it is not technically correct that the district court lacked jurisdiction over appellant's Rule 60(b) motion, the court did lack authority to issue the requested relief under the mandate rule.  *See Huffman v. Saul Holdings Ltd. Partnership,* 262 F.3d 1128, 1133 (10th Cir. 2001).  The mandate rule requires a district court to comply strictly with the mandate rendered by the reviewing court.  *Id.* at 1132.  "The mandate consists of our instructions to the district court at the conclusion of the opinion, and the entire opinion that preceded those instructions."  *Procter & Gamble Co. v. Haugen*, 317 F.3d 1121, 1126 (10th Cir. 2003).  Appellant argued in his Rule 60(b) motion that his claims were related to pre- and post- transmission conduct by government employees, and that, under *Dolan*, such conduct does not fall within the postal-matter exception

-4-

for transmission of mail. In our earlier decision, we held that the postal-matter exception was not limited to claims based on negligent transmission and that the exception applied to bar appellant's claims. Because our opinion and mandate covered the arguments the appellant made in his Rule 60(b) motion, the district court was bound by the mandate rule and had no authority to re-examine its final decision. *See Proctor & Gamble*, 317 F.3d at 1126; *Huffman*, 262 F.3d at 1132-33.

While a change in law can potentially provide the basis for an exception to the mandate rule, this exception does not apply after the judgment becomes final, which occurs after this court has disposed of the appeal and the time for a petition for certiorari has passed. *See Ute Indian Tribe v. Utah*, 114 F.3d at 1513, 1521 (10th Cir. 1997); *Colo. Interstate Gas*, 962 F.2d at 1534. This court issued its decision on August 29, 2005, the mandate issued on October 21, 2005 and the deadline for filing a petition for certiorari was November 28, 2005. Because the mandate had issued and the judgment was final, the district court lacked authority to act on appellant's Rule 60(b) motion filed on April 11, 2006.

The judgment of the district court is AFFIRMED. We remind appellant that he still owes the filing fee for his prior appeal and he remains obligated to

pay that fee.  Appellant's motion for leave to proceed in this appeal without prepayment of costs or fees is DENIED.

Entered for the Court

Bobby R. Baldock
Circuit Judge