**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 10, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNION PACIFIC RAILROAD
COMPANY,

        Plaintiff-Appellant,

v.

THE UNITED STATES OF
AMERICA, ex rel., THE U.S. ARMY
CORPS OF ENGINEERS,

        Defendant-Appellee.

No. 11-7016
(D.C. No. 6:06-CV-00094-KEW)
(E.D. Okla.)

## ORDER AND JUDGMENT[*]

Before **TYMKOVICH**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**EBEL**, Circuit Judge.

In a prior appeal in this case, we reversed the district court's judgment in

favor of Union Pacific Railroad Company. We remanded to the district court with

instructions to dismiss Union Pacific's breach-of-contract claim without prejudice

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

for lack of jurisdiction. On remand, Union Pacific filed a motion seeking transfer of the claim to the Court of Federal Claims under 28 U.S.C. § 1631. The district court denied the motion and this appeal followed. Exercising our jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

We review for abuse of discretion the district court's denial of the motion to transfer. *Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006). The district court gave several reasons for denying the motion, but explained that "of most concern to this court . . . is the inescapable conclusion that a transfer would fly in the face of the direct instruction of the Tenth Circuit in its Order and mandate." Aplt. App. at A85. We agree with the district court.

The "mandate rule" requires a district court to "comply strictly with the mandate rendered by the reviewing court." *Huffman v. Saul Holdings Ltd. P'Ship*, 262 F.3d 1128, 1132 (10th Cir. 2001). Our mandate stated: "We REVERSE the judgment of the district court and REMAND (1) for dismissal without prejudice of Union Pacific's negligent-breach-of-contract claim for lack of jurisdiction and (2) for entry of judgment in favor of the United States on Union Pacific's negligent-inspection-and-maintenance claim." *Union Pac. R.R. Co. v. United States ex rel. U.S. Army Corps of Eng'rs*, 591 F.3d 1311, 1322 (10th Cir. 2010). Our mandate language did not give any discretion to the district court on remand, but instead gave a specific instruction to dismiss without prejudice the breach-of-contract claim. *Cf. Huffman*, 262 F.3d at 1132-33

(concluding that district court had violated the mandate rule when it awarded appeal-related attorney fees after this court had denied such fees).

The mandate rule is not jurisdictional, and there are exceptions to the rule. *See id*. at 1133.

> [A] district court may deviate from the mandate under exceptional circumstances, including (1) a dramatic change in controlling legal authority; (2) significant new evidence that was not earlier obtainable through due diligence but has since come to light; or (3) if blatant error from the prior . . . decision would result in serious injustice if uncorrected.

*Id*. (internal quotations omitted). None of those conditions, however, exist in this case.

Moreover, Union Pacific could have sought relief prior to the mandate being issued. In the previous appeal, Union Pacific could have asked this court to transfer the breach-of-contract claim to the Court of Federal Claims in the event that the government was successful in challenging the district court's jurisdiction. Or, Union Pacific could have sought panel rehearing to seek transfer relief after this court's decision was filed but before the mandate issued.

We note that Union Pacific's reply brief states "[t]o the extent that Union Pacific should have properly sought transfer to the Court of Federal Claims by way of a request to alter or clarify this Court's mandate, Union Pacific would seek leave to do so under 10th Cir. R. 41.2." Aplt. Reply Br. at 8. This was neither the appropriate time or way to make such a request.

Instead of asking the district court to transfer the case after remand, Union Pacific should have filed a timely motion in this court to recall the mandate. It has now been over a year since the mandate issued.

> When a motion to recall the mandate is tendered for filing more than one year after issuance of the mandate, the clerk shall not accept the motion for filing unless the motion states with specificity why it was not filed sooner. The court will not grant the request unless the movant has established good cause for the delay in filing the motion.

10th Cir. R. 41.2. Union Pacific's request in its reply brief is not the proper way to seek to recall the mandate; instead, Union Pacific should have filed a separate motion requesting relief. *See id.* In any event, Union Pacific has failed to show good cause for its delay in seeking such relief, and we deny its request.

The district court acted in accordance with our mandate in denying Union Pacific's transfer motion. Accordingly, we AFFIRM the district court's decision.

Entered for the Court

David M. Ebel
Circuit Judge

-4-