PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

THOMAS SLINGLUFF, also known
as Stuck In The Mud,

       Petitioner,

v.

OCCUPATIONAL SAFETY &
HEALTH REVIEW COMMISSION;
UNITED STATES DEPARTMENT
OF LABOR,

       Respondents.

No. 04-9541

---

**PETITION FOR REVIEW OF AN ORDER OF THE OCCUPATIONAL
SAFETY AND HEALTH REVIEW COMMISSION
(OSHRC No. 03-1371)**

---

Submitted on the briefs:

Thomas Slingluff, Pro se Petitioner.

Howard M. Radzely, Joseph M. Woodward, Charles F. James, John Shortall, U.S.
Department of Labor, Washington, D.C. for Respondents.

---

Before **EBEL**, **McCONNELL**, and **TYMKOVICH**, Circuit Judges.

---

**McCONNELL**, Circuit Judge.

Thomas Slingluff, appearing pro se, seeks review of a final decision by the Occupational Safety and Health Review Commission that affirmed the imposition of monetary penalties for violation of the Occupational Safety and Health Act of 1970 ("OSHA" or "the Act"), 29 U.S.C. §§ 651-678 (2000). Our jurisdiction arises under 29 U.S.C. § 660(a). Because we conclude that the Commission's decision is supported by substantial evidence and that Mr. Slingluff is subject to OSHA's requirements, we affirm. [1]

## I.

Mr. Slingluff owns a small commercial stuccoing business called Stuck in the Mud. In June 2003, he and Ben Jaramillo were beginning the process of stuccoing a building while standing on a scaffolding when a compliance officer from the Department of Labor inspected the job site. [2] Upon the officer's questioning, Mr. Jaramillo stated that he was working for $8/hour and that he had been on the scaffolding for about an hour and one-half at the time of the inspection. Tr. at 45-46. The officer issued a citation to Mr. Slingluff that

---

[1]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[2]    While OSHA charges the Secretary of Labor with rulemaking and enforcement of its provisions, it gives the task of carrying out adjudicatory functions to an independent entity, the Commission. *See* 29 U.S.C. §§ 651(b)(3), 655, 658-59, 661; *Martin v. OSHRC,* 499 U.S. 144, 147 (1991) (explaining that OSHA "assigns distinct regulatory tasks to two different administrative actors").

alleged three violations of scaffolding regulations that have been adopted by OSHA[3]. *See* 29 U.S.C. § 658(a); 29 C.F.R. § 1926.451; 29 C.F.R. §§ 1910.11, 1910.12.

Mr. Slingluff timely contested the citation on June 18, 2003, *see* 29 U.S.C. § 659(a), challenging OSHA's jurisdiction by asserting that he did not qualify as an "employer" under OSHA, i.e., a person "engaged in a business affecting commerce who has employees," 29 U.S.C. § 652(5). He maintained that his business activities did not affect interstate commerce and that Mr. Jaramillo was not his employee. Because he contested the citation, the matter was referred to the Commission for adjudicatory resolution. *See* 29 U.S.C. § 659(c).

The Secretary of Labor received Mr. Slingluff's notice of contest on July 3, 2003, thereby triggering a duty to file a formal complaint with the Commission no more than twenty days after receiving the notice. *See* 29 C.F.R. § 2200.34. On July 23, 2003, over Mr. Slingluff's objection, the Secretary moved for an extension of time in which to file the complaint. The Secretary filed an amended

---

[3] We are satisfied that the Secretary properly charged Mr. Slingluff with violation of scaffolding standards set forth in § 1926 of the federal regulations even though these standards were originally promulgated under the authority of a different act. *See* 29 U.S.C. § 655(a); *Underhill Constr. Corp. v. Sec'y of Labor*, 526 F.2d 53, 56 (2d Cir. 1975) (noting that, "on May 29, 1971, the Secretary declared the standards previously promulgated under [the Construction Standards Act] to be 'established Federal standards' and promulgated them under OSHA, with a general effective date of August 27, 1971").

motion for extension of time on July 28. The Commission did not explicitly rule on either motion. Instead, the Chief Judge of the Commission sua sponte filed an order on August 4, 2003, designating the case for "E-Z Trial pursuant to Commission Rule 203(a)" and suspending the complaint and answer requirements. R. Doc. 5. Nevertheless, the Secretary served Mr. Slingluff with a complaint by mail on August 8. *Id.* Doc. 7.

Mr. Slingluff moved to dismiss the case on August 13, asserting that the Secretary had not timely followed Commission procedures nor responded to his discovery requests. *Id.* Doc. 6. The Commission denied the motion because of the designation for E-Z Trial proceedings. R. Doc. 10. The Commission then afforded Mr. Slingluff a hearing before an administrative law judge (ALJ), conducted in accordance with the requirements of § 554 of the Administrative Procedures Act ("APA"). *See* 29 U.S.C. § 659(c).

After the hearing, the ALJ made the following findings: (1) Mr. Slingluff is engaged in the construction business; (2) he uses a Dodge truck manufactured out of state in the course of his work; (3) he had a stuccoing contract at the time of the violations; (4) he hired Mr. Jaramillo for the duration of the project or until he no longer needed Mr. Jaramillo's services; (5) both Mr. Slingluff and Mr. Jaramillo understood that Mr. Jaramillo worked for Mr. Slingluff; (6) Mr. Slingluff provided the materials with which Mr. Jaramillo worked, including

the scaffolding; and (7) Mr. Slingluff was to pay Mr. Jaramillo an hourly wage.

R. Doc. 19 at 4. Based on these findings, the ALJ concluded that Mr. Slingluff

"is a person engaged in a business affecting commerce who has employees, he is

an 'employer' as defined by . . . the Act, and is subject to its provisions." *Id.* at 5.

Because Mr. Slingluff had conceded to the validity of the substance of the

citations, the ALJ affirmed them in their entirety.

Mr. Slingluff petitioned for discretionary review by the Commission, and

when no Commissioner directed a review, the ALJ's decision became the final

decision of the Commission. *See* 29 U.S.C. § 661(j). Mr. Slingluff timely sought

review in this court.

**II**.

In his petition for review, Mr. Slingluff raises various claims of procedural

and substantive error, but his focus is primarily on his claim that OSHA's

jurisdiction over him violates his constitutional rights.

> With respect to our standard of review, 29 U.S.C. § 660(a)
> mandates that the "findings of the Commission with respect to
> questions of fact, if supported by substantial evidence on the record
> considered as a whole, shall be conclusive." Additionally, the
> Commission's legal conclusions will generally be upheld if found not
> to be arbitrary, capricious, an abuse of discretion or otherwise not in
> accordance with law. 5 U.S.C § 706(2)(A). Likewise, OSHA's
> interpretations of its regulations are entitled to deference.

*Interstate Erectors, Inc. v. OSHRC*, 74 F.3d 223, 226 (10th Cir. 1996).

"Substantial evidence is such relevant evidence as a reasonable mind might accept

as adequate to support a conclusion, and it must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *Kent Nowlin Constr. Co., Inc. v. OSHRC*, 648 F.2d 1278, 1279 (10th Cir. 1981) (quotation marks and citation omitted). Of course, as with any administrative agency adjudicatory proceeding conducted under the APA, we may also set aside an agency determination not only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A), but also if it is "(b) contrary to constitutional right, power, privilege, or immunity; (c) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (d) [made] without observance of procedure required by law; (e) unsupported by substantial evidence; or (f) unwarranted by the facts to the extent they are subject to de novo review." *Custer County Action Ass'n v. Garvey*, 256 F.3d 1024, 1030 n.6 (10th Cir. 2001) (citing 5 U.S.C. § 706(2)(b)-(f)).

> When we review an agency's decision under the arbitrary, capricious or abuse of discretion standard, our review is narrow and deferential; we must uphold the agency's action if it has articulated a rational basis for the decision and has considered relevant factors. However, these limitations do not apply to questions of law.

*Mountain Side Mobile Estates P'ship v. Sec'y of HUD*, 56 F.3d 1243, 1250 (10th Cir. 1995) (quotation marks, bracket, and citation omitted).

**III.**

**A. Interstate commerce**. Mr. Slingluff first argues that the ALJ erred in concluding that Stuck in the Mud is a business affecting interstate commerce because the ALJ based his decision solely on the fact that Mr. Slingluff uses a truck in his business that was manufactured in another state. [4] But Mr. Slingluff's first premise – that the ALJ based his conclusion solely on that finding – is incorrect. The ALJ made an additional finding regarding the effect Mr. Slingluff's business has on interstate commerce: that it involved construction. [5] Noting that the Commission has held that "construction is in a class of activity which as a whole affects interstate commerce," the ALJ concluded that the Secretary of Labor had "adequately established that Slingluff operates a business affecting interstate commerce." R. Doc. 19 at 4.

Mr. Slingluff next argues that, even if construction activities in general may affect interstate commerce, the Secretary failed to establish that his particular

---

[4]     We reject Mr. Slingluff's contention that, because his truck is his personal property and is not used in a business of "hauling for hire," Petitioner's Br. at 4, the ALJ improperly considered the undisputed fact that he uses the truck in his stucco business. *See* Tr. 22-23.

[5]     "Construction" is defined as "work for construction, alteration, and/or repair, including painting and decorating." 29 C.F.R. § 1926.32(g); *see id.* § 1910.12(a) (adopting standards prescribed in section 1926 as OSHA standards). In light of this regulatory definition, we decline Mr. Slingluff's invitation to define "construction" by using a general definition provided in BLACK'S LAW DICTIONARY.

business has a sufficient nexus with interstate commerce to support federal regulation of his activities. The Secretary contends that it is not necessary to prove that Mr. Slingluff's independent activities substantially affect interstate commerce as long as the aggregate impact of the whole class of similar or related activity, i.e., stucco work, substantially affects interstate commerce, citing *Wickard v. Filburn*, 317 U.S. 111, 127-29 (1942) (intrastate production and consumption of wheat), *Hodel v. Virginia Surface Mining & Reclamation Ass'n, Inc.*, 452 U.S. 264, 268 (1981) (intrastate mining), and *United States v. Lopez,* 514 U.S. 549, 561 (1995). Mr. Slingluff does not challenge the ALJ's finding that the business of stuccoing/construction affects interstate commerce; he argues that his specific construction activity does not have the requisite effect on interstate commerce to warrant federal regulation.

In *United States v. Bolton,* 68 F.3d 396 (10th Cir. 1995), we examined our commerce-clause jurisprudence in light of the Supreme Court's decision in *Lopez*. We concluded that, where economic activities are the subject of regulation, "*Lopez* did not . . . require the government to show that *individual* instances of the regulated activity substantially affect commerce to pass constitutional muster under the Commerce Clause." *Bolton*, 68 F.3d at 399. Rather, *Lopez* recognized that if a federal "statute regulates an activity which, through repetition, in aggregate has a substantial effect on interstate commerce, 'the *de minimis*

character of individual instances arising under that statute is of no consequence.'" *Id.* (quoting *Lopez,* 514 U.S. at 558) (citation omitted). We conclude that the ALJ did not err in holding that Mr. Slingluff's stuccoing/construction business is subject to OSHA regulation because the economic activity of stuccoing/construction, as an aggregate, affects interstate commerce.

**B. Employer status.** Mr. Slingluff argues that Mr. Jaramillo was not his employee, and, therefore, that he is not an employer. The Act defines "employee" as meaning "an employee of an employer who is employed in a business of his employer which affects commerce." 29 U.S.C. § 652(6). This circular definition is not helpful, so the Commission has adopted standards for determining who is an employee under the Act that are consistent with a Supreme Court case holding that the term "employee" in a federal statute should be interpreted under common law principles unless the particular statute specifically indicates otherwise. *See Sec'y of Labor v. Davis*, 2001 WL 856241, \*3-\*4 (O.S.H.R.C. July 30, 2001); *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 322-23 (1992).

> A key consideration in determining whether Respondent was the actual employer of particular workers is whether it had the right to control the manner and means by which they carried out their work. The Commission has considered a number of factors when making such a determination, including the following:
> 1) Whom do the workers consider their employer?
> 2) Who pays the workers' wages?
> 3) Who has the responsibility to control the workers?
> 4) Does the alleged employer have the power to control the workers?
> 5) Does the alleged employer have the power to fire, hire, or modify

the employment condition of the workers?

6) Does the workers' ability to increase their income depend on efficiency rather than initiative, judgment, and foresight?

7) How are the workers' wages established?

*Sec'y of Labor v. Vergona Crane Co.*, 1992 WL 184539 at *2 (O.S.H.R.C. July 22, 1992). The Commission also considers additional factors set forth in

*Darden:* "Among the other factors relevant to this inquiry are the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party." Thus, the central inquiry . . . is the question of whether the alleged employer has the right to control the work involved.

*Id.* (quoting *Darden*, 503 U.S. at 323-24) (citations omitted).

We review the ALJ's ultimate finding that Mr. Jaramillo was an "employee" as defined in the Act for substantial evidence on the whole record, § 660(a), keeping in mind that

[c]redibility determinations are particularly the province of the ALJ. . . . We refuse to substitute our judgment on the credibility of witnesses for that of the ALJ, absent extraordinary circumstances. We do not sit as a super trial examiner, and do not weigh the credibility of one witness against another, nor do we search for contradictory inferences.

-10-

*Ready Mixed Concrete Co. v. NLRB*, 81 F.3d 1546, 1551 (10th Cir. 1996) (quotation marks, citation, and bracket omitted); *see also Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990) (noting that "[c]redibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence"). In promulgating the federal APA for administrative agency review, "Congress was very deliberate in adopting this standard of review. It frees the reviewing courts of the timeconsuming and difficult task of weighing the evidence, it gives proper respect to the expertise of the administrative tribunal and it helps promote the uniform application of the statute." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966) (footnote omitted).

Applying these standards, we conclude that substantial evidence supports the ALJ's findings. On the day he was issued a citation, Mr. Slingluff indicated on an unofficial form that he had one employee on site and in the company, and that he held safety meetings. Although he now claims that he did not understand the technical meaning of "employee" at the time he filled out the form, his statements are still admissible. His claim that the ALJ erred in considering the form he filled out because it was not an official OSHA document is without merit.

Mr. Jaramillo indicated that Mr. Slingluff was his employer on the day of the citation and that he had worked for Mr. Slingluff before. The ALJ rejected

Mr. Jaramillo's trial testimony stating that he did not intend his statements about being an employee to be taken as a statement of fact. We will not second-guess that credibility determination.

Although he admits that Mr. Jaramillo eventually helped him stucco the wall at the work site where he was issued a citation, Mr. Slingluff asserts that, on the day of the citation, Mr. Jaramillo was not working for him – that they were on the scaffolding simply talking about spiritual matters. But the ALJ rejected this testimony, apparently choosing to believe (1) Mr. Slingluff's trial testimony that Mr. Jaramillo was in fact working for him that day: "[w]ell, as Ben said on his employee questionnaire, we were putting the foam up so that we could color the wall. . . . And that's what we were using the day that [the officer] videotaped us," Tr. at 16-17; (2) Mr. Jaramillo's statements, made the day of the citation, that he was working for Mr. Slingluff for $8/hour; (3) Mr. Jaramillo's trial testimony that he went up on the scaffolding to help Mr. Slingluff because Mr. Jaramillo did stucco work; (4) the compliance officer's testimony that the two men were "on top of a scaffold working with some foam" when he stopped to inspect the work site, *id.* at 42, and (5) Mr. Jaramillo's testimony that it was possible that he told the officer that he was working for $8/hour on the day of the citation. Again, we do not reweigh the credibility of the witnesses.

The record demonstrates that Mr. Slingluff contracted for the job and for the scope of the work, provided and paid for all the materials and scaffolding, controlled when the work would be done, and had complete control over the work site. Under these circumstances, we conclude that the ALJ's finding that Mr. Jaramillo was an employee as defined in the Act is supported by substantial evidence on the whole record.

**C. Other claims of error.** Mr. Slingluff asserts that the Commission's decision must be overturned because the compliance officer's questionnaire was not authorized under 5 C.F.R. Part 1320. But this regulation does not apply to administrative agency investigations against specific individuals or entities. *See* 5 C.F.R. Part 1320.4(a)(2).

Mr. Slingluff next asserts that he was prejudiced because the Secretary failed to provide information about OSHA's jurisdiction and definitions and the compliance officer's status and refused to respond to Mr. Slingluff's questionnaire. *See* R. Doc. 2 at 1, Aplt. Br. at 3. But, under the E-Z Trial proceedings, "[d]iscovery is not permitted except as ordered by the [ALJ]," 29 C.F.R. § 2200.200(b)(4), and Mr. Slingluff never moved for an order permitting discovery. Mr. Slingluff also could have posed his questions to the compliance officer at the hearing, but he did not do so.

Mr. Slingluff urges reversal because the Secretary did not timely file the complaint and the Commission did not grant the Secretary's motion for extension of time. But the Secretary's duty to file a complaint within twenty days of notice of Mr. Slingluff's contest to the citation was suspended by the Commission's assignment of the case to the E-Z Trial proceedings. *See* 29 C.F.R. § 2200.205(a). After assigning the case for E-Z Trial, the motion for extension of time became moot and Mr. Slingluff suffered no prejudice by the Secretary's subsequent filing of the complaint.

The petition to review is DENIED and the order of the Commission is AFFIRMED.