**F I L E D**

**UNITED STATES COURT OF APPEALS**

**June 12, 2006**

**FOR THE TENTH CIRCUIT**

COPART, INC.,

     Petitioner,

v.

ADMINISTRATIVE REVIEW
BOARD, UNITED STATES
DEPARTMENT OF LABOR,

     Respondent,

CHARLES L. DALTON,

     Intervenor.

No. 05-9577
(Nos. 04-027 and 04-138)
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **BALDOCK**, and **EBEL**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Copart, Inc., processes and sells salvage vehicles. Intervenor Charles Dalton, a Copart driver, was fired after refusing to drive his truck. Mr. Dalton filed a complaint with the Department of Labor asserting that his truck was unsafe and that his firing violated a provision of the Surface Transportation Assistance Act of 1982 (STAA) prohibiting the termination of an employee for refusing to operate a vehicle when he or she "has a reasonable apprehension of serious injury to the employee or the public because of the vehicle's unsafe condition." 49 U.S.C. § 31105(a)(1)(B)(ii). Following a ruling by an administrative law judge (ALJ) reinstating Mr. Dalton with back pay, the United States Department of Labor Administrative Review Board (ARB) reversed and dismissed Mr. Dalton's complaint. This court, in turn, reversed the ARB's decision, *see Dalton v. United States Dep't of Labor*, 58 F. App'x 442 (10th Cir. 2003), and the ALJ's original ruling was subsequently reinstated.

In the instant petition for review, Copart appeals the ARB's refusal to reopen the administrative record following remand by this court. Copart had moved to reopen the record so that it could present evidence to show that Mr. Dalton would present a threat to its employees if reinstated. Copart argues that the ARB's refusal to reopen was arbitrary, capricious, or an abuse of discretion. Because we believe it was not, we exercise our jurisdiction under 49 U.S.C. § 31105(c) and deny the relief requested in Copart's petition.

BACKGROUND

Following the ALJ's original order of reinstatement and back pay, Copart appealed and moved the ARB for emergency relief arguing that Mr. Dalton was a threat to its employees. The ARB's decision (1) found the order was not supported by substantial evidence, (2) dismissed Mr. Dalton's complaint, and (3) dismissed Copart's emergency motion as moot. This court reversed the ARB's decision and remanded to the ARB which remanded to the ALJ.

Both parties then filed motions with the ALJ seeking to reopen the record. In support of its motion Copart again argued that Mr. Dalton would be a threat to its employees if reinstated. Copart attached to its motion copies of petitions for protective orders alleging that Mr. Dalton had threatened and assaulted his ex-wife and had threatened one of Copart's managers. Copart also attached copies of allegedly threatening letters Mr. Dalton had sent Copart's CEO. The ALJ denied both parties' motions to reopen, holding that Copart's evidence was not sufficiently probative to justify reopening. The ALJ also recommended that the ARB adopt his findings and reinstate Mr. Dalton with back pay.

On appeal, the ARB held that the ALJ had not abused his discretion in refusing to reopen the record because "he fully and fairly considered both the arguments presented and the evidence the parties sought to introduce." The ARB noted that under 29 C.F.R. § 18.54(c), "'[o]nce the record is closed, no additional evidence shall be accepted into the record except upon a showing that new and

material evidence has become available which was not readily available prior to the closing of the record.'"[1]  Supp. App. at 110 (quoting 29 C.F.R. § 18.54(c)). The ARB held (1) that the "[e]vidence about [Mr.] Dalton's violent nature and his antipathy toward Copart employees that the ex parte protective orders purportedly contain was . . . available earlier," and (2) that "Dalton's letters to [Copart's CEO] are not material to whether Dalton should be reinstated."  *Id*. at 111.

ANALYSIS

Copart argues that the ARB's refusal to reopen was arbitrary and capricious or an abuse of discretion because the ARB should have considered the proposed new evidence and determined (1) whether reinstatement would endanger other employees, (2) whether it was impossible for Copart and Dalton to having a productive and amicable working relationship, and (3) whether Copart would have terminated Mr. Dalton for threatening one of its managers.  Our review of the ARB's final order is under the Administrative Procedure Act (APA), 5 U.S.C. § 701-706.  Under the APA, we must "hold unlawful and set aside agency action, findings, and conclusions" found to be, among other possible infirmities, "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A); *see BSP Trans, Inc. v. United States Dep't of Labor*, 160 F.3d 38, 46 (1st Cir. 1998) (applying § 706(2) in the context of the STAA).

---

[1]     Under 29 C.F.R. § 18.54(a), "[w]hen there is a hearing, the record shall be closed at the conclusion of the hearing unless the administrative law judge directs otherwise."

-4-

"When we review an agency's decision under the arbitrary, capricious or abuse of discretion standard, our review is narrow and deferential; we must uphold the agency's action if it has articulated a rational basis for the decision and has considered relevant factors." *Slingluff v. Occupational Safety & Health Review Comm'n*, 425 F.3d 861, 866 (10th Cir. 2005) (internal quotation omitted).[2]  Here, we find the ARB's determination that the evidence in question was either not new or not material to be a rational basis for refusing to reopen the record.

While our research has revealed no case law defining "new and material evidence" that is "not readily available prior to the closing of the record," in the context of the STAA, an analogy to our case law interpreting the relief from judgment granted under Fed. R. Civ. P. 60(b)(2) for "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial" is helpful.  In that context we have held that:

> A party seeking a new trial on newly discovered evidence must show "(1) the evidence was newly discovered since the trial; (2) [the moving party] was diligent in discovering the new evidence; (3) the newly discovered evidence could not be merely cumulative or impeaching; (4) the newly discovered evidence [was] material; and

---

[2]      The regulations implementing Section 405 of the STAA are found at 29 C.F.R. §§ 1978.100 through 1978.115.  Under 29 C.F.R. § 1978.109(c)(3), the ARB must consider "conclusive" all factual findings of the ALJ that are "supported by substantial evidence on the record considered as a whole."  Further, 29 C.F.R. § 1978.100(b) states that the "rules set forth at 29 C.F.R. Part 18," which are the rules promulgated under the APA, also apply.  In turn, 29 C.F.R. § 18.1 states that "[t]he Rules of Civil Procedure for the District Courts of the United States shall be applied in any situation not provided for or controlled by these rules, or by any statute, executive order or regulation."

(5) that a new trial, with the newly discovered evidence[, will] probably produce a different result."

*Joseph v. Terminix Int'l Co.*, 17 F.3d 1282, 1285 (10th Cir. 1994) (quoting *Graham v. Wyeth Labs.*, 906 F.2d 1399, 1416 (10th Cir. 1990)) (alterations in original).

In the administrative context, the Federal Circuit has had the opportunity, in *Wright v. USPS*, 183 F.3d 1328, 1332 (Fed. Cir. 1999), to interpret 5 C.F.R. § 1201.115(d), a regulation that provides that a petition for review to the Merit Systems Protection Board may be granted on the grounds that "new and material evidence is available that, despite due diligence, was not available when the record closed." The Federal Circuit held that the evidence in question must be "of sufficient weight to warrant an outcome different from that of the initial decision" in order to be considered "material." *Wright*, 183 F.3d at 1332.

Similarly, in *NLRB v. Albion Corp.*, this court interpreted 29 U.S.C. § 160(e), which provides that when a petition for enforcement of a decision by the NLRB is before the circuit court:

> [i]f either party shall apply to the court for leave to adduce additional evidence and shall show to the satisfaction of the court that such additional evidence is material and that there were reasonable grounds for the failure to adduce such evidence in the hearing before the Board . . . the court may order such additional evidence to be taken before the Board . . . and to be made a part of the record.

593 F.2d 936, 941 (10th Cir. 1979). In that case, although we determined that remand was required, we "attach[ed] weight to the Board's prior determination of

-6-

non-materiality," and noted that "[w]e would not remand to the Board if there were but a 'remote possibility' that the outcome would be affected thereby." *Id.* (quoting *NLRB v. Process and Pollution Control Co.*, 588 F.2d 786, 790 (10th Cir. 1978)). Likewise, in *Process and Pollution Control Co.*, we held that:

> [w]e should not remand if there is but a remote possibility that the outcome would be affected by admitting the evidence, or if the evidence is merely cumulative. However, remand is proper where it would not be a useless gesture, but might produce a different result due to consideration of material evidence previously excluded.

588 F.2d at 790-91 (quotations and citations omitted).

Here, most of the alleged threats to Copart's manager were made before the initial hearing. The first petition filed by Mr. Dalton's ex-wife was also filed before the initial hearing. In denying Copart's motion to reopen, the ALJ noted that protective orders are issued in response to ex parte allegations. The ALJ further noted that he had previously determined that Mr. Gille had "significant credibility problems," Supp. App. at 103, and that it was pure speculation that ex parte allegations made by Mr. Dalton's ex-wife showed that Mr. Dalton had continued hostility toward Copart. In its final decision, the ARB found that the protective orders and the allegations therein could not serve as grounds for reopening because the "[e]vidence about [Mr.] Dalton's violent nature and his

antipathy toward Copart employees that the ex parte protective orders purportedly contain was . . . available [prior to closing of the record]."[3]  Supp. App. at 111.

Copart argues that the ARB erred in determining that the evidence regarding the protective orders was not new evidence.

> [E]ven if Copart had been aware of Dalton's history of violence, Dalton's conduct, both before and after the hearing must be viewed *as a whole*.  Though Dalton's violent conduct may have began before the hearing, it continued and accumulated to such a level following the hearing that only then was the true extent of his instability and propensity for violence evident.

Pet'r Reply Br. at 1-2.  We disagree.  Of the allegations contained in the petition for protective order filed by the Copart manager, the only one that clearly occurred after the initial hearing was an allegation that Mr. Dalton called the manager's home and told his wife that he planned on making her husband's life miserable and that he then contacted the manager at work.  Further, although three of the four petitions for protective order filed by Mr. Dalton's ex-wife were filed after the initial hearing, ex parte allegations of threats and assaults against a party unrelated to Copart are of such limited relevance that we cannot say that the ARB erred in finding the final three petitions merely cumulative of the first.

As to whether consideration of the allegedly threatening letters sent to Copart's CEO would have produced a difference result, we note the ALJ found

---

[3]     Although some of Mr. Dalton's alleged actions in regards to his ex-wife and Mr. Gille occurred after the initial hearing,  the ARB evidently determining that this evidence of was merely cumulative of the evidence regarding actions that occurred prior to the hearing.

-8-

that they showed at best "an individual who is frustrated after being fired" and that "they certainly [did] not rise to the level of threats of violence." Supp. App. at 103. The ARB agreed, finding that they were not material to whether Dalton should be reinstated. We disagree with Copart's assertion that "[a] reasonable reader of . . . the letters . . . would conclude that the writer was hostile toward the recipient and perhaps unstable" and would "expect the recipients of such letters to feel disturbed and event threatened by the sentiment expressed in them." Pet'r Opening Br. at 12-13. A review of the letters shows that Mr. Dalton felt that Copart's counsel orchestrated the manager's petition for protective order in order to avoid compliance with the reinstatement order and that the letters specifically state that Mr. Dalton did not intend for them to be threatening. Further, while Mr. Dalton's letters include copies of biblical quotations asserting that God protects the righteous and punishes the wicked, the letters themselves contain no threats of physical violence, but simply assert that Mr. Dalton intended to continue to pursue his legal rights and to expose Copart's unjust treatment of him in the press if necessary. We do not read the letters as threatening physical violence and cannot say the ARB erred in finding them to not be material.

The relief requested in Copart's petition for review is DENIED.  Intervenor Charles Dalton's Motion for Sur-Reply is DENIED.

Entered for the Court


David M. Ebel
Circuit Judge