**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 31, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

COPART, INC.,

        Petitioner,

v.

ADMINISTRATIVE REVIEW
BOARD, UNITED STATES
DEPARTMENT OF LABOR,

        Respondent.

No. 06-9535

---

CHARLES L. DALTON,

        Intervenor.

---

**PETITION FOR REVIEW**
**OF AN ORDER OF THE ADMINISTRATIVE REVIEW**
**BOARD OF THE UNITED STATES DEPARTMENT OF LABOR**
**(Nos. ARB 04-027 & 04-138)**

---

Submitted on the briefs:[*]

Steven A. Broussard, Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C., Tulsa, Oklahoma, for Petitioner.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Howard M. Radzely, Solicitor of Labor, Joseph M. Woodward, Associate Solicitor for Occupational Safety and Health, Michael P. Doyle, Counsel for Appellate Litigation, Ronald Gottlieb, Attorney, United States Department of Labor, Washington, D.C., for Respondent.

Robt. S. Coffey, Robt. S. Coffey, Inc., Tulsa, Oklahoma, for Intervenor.

Before **BRISCOE**, **McKAY**, and **GORSUCH**, Circuit Judges.

**GORSUCH**, Circuit Judge.

The question presented in this case is whether an order of this court simply stating "Petitioner's Motion for Attorney Fees is denied" decided, either explicitly or by necessary implication, the issue of intervenor Charles Dalton's entitlement to fees for his attorney's work before this court from petitioner Copart, Inc., under 49 U.S.C. § 31105(b)(3)(B), a provision of the Surface Transportation Assistance Act of 1982 ("STAA"). Because we determine our order did not decide the issue, we hold that the law of the case doctrine did not preclude the United States Department of Labor Administrative Review Board ("ARB") from subsequently awarding those fees. Copart's petition for review is therefore denied.

I

Copart processes and sells salvage vehicles. It petitions this court for review of a Decision and Order on Attorney's Fees from the ARB in favor of Mr. Dalton, a former driver for Copart. Mr. Dalton filed a complaint with the

-2-

Department of Labor asserting that he was fired by Copart for refusing to drive his truck. He claimed that his firing violated a provision of the STAA that prohibits a company from discharging an employee for refusing to operate a vehicle if the employee "has a reasonable apprehension of serious injury to the employee or the public because of the vehicle's unsafe condition." 49 U.S.C. § 31105(a)(1)(B)(ii).

Following a ruling in November 2000 by an administrative law judge ("ALJ") reinstating Mr. Dalton with back pay, the ARB reversed and dismissed Mr. Dalton's complaint. In February 2003 this court, in turn, reversed the ARB's decision, *see Dalton v. United States Dep't of Labor*, 58 F. App'x 442 (10th Cir. 2003), and remanded for further proceedings. On remand, the ALJ's original ruling was reinstated.[1]

In June 2003, Mr. Dalton filed a motion with this court seeking an award of appellate attorney fees. Copart argued that the motion should be denied as untimely, that there was no statutory authority for a fee award, and that this court should not exercise its inherent authority to award fees. In February 2004, this court denied Mr. Dalton's motion in an order that merely held "Petitioner's

---

[1]     On remand, Copart argued that the record should be reopened so that it could present evidence showing that Mr. Dalton would present a threat to Copart employees if reinstated. The ARB refused to reopen the record and Copart's subsequent petition to this court for review of that decision was denied. *See Copart, Inc. v. ARB*, 184 F. App'x 711, 715 (10th Cir. 2006).

Motion for Attorney Fees is denied." Supp. Admin. R., Doc. 5, Attach. IV.

Subsequently, this court also denied Mr. Dalton's motion for reconsideration.

Meanwhile, in November 2003, the ALJ awarded Mr. Dalton attorney fees based on an application Mr. Dalton filed in December of 2000, following the ALJ's original decision, seeking fees for work performed prior to that decision. The ALJ invoked Section 31105(b)(3)(B) of the STAA which provides, in pertinent part,

> If the Secretary issues an order [providing redress for a violation of § 31105(a)] and the complainant requests, the Secretary may assess against the person against whom the order is issued the costs (including attorney's fees) reasonably incurred by the complainant in bringing the complaint. The Secretary shall determine the costs that reasonably were incurred.

*Id*. § 31105(b)(3)(B). In June 2005, the ARB affirmed the ALJ's 2003 award and also granted Mr. Dalton thirty days to submit a petition for attorney fees and other litigation expenses in regard to work performed *after* the ALJ's original decision. In July 2005, Mr. Dalton submitted his request for additional fees. Many of the fees sought were for the same work that was the subject of the motion for attorney fees previously denied by this court.

On February 8, 2006, the ARB awarded Mr. Dalton $142,740 for attorney fees. In making its award, the ARB held that, despite this court's prior denial of some of the same fees, its award did not violate the law of the case doctrine because of the general nature of this court's denial and because it determined that

-4-

this court had no authority to award attorney fees under the STAA. Copart has now petitioned this court for review of this award.

II

Copart argues that, because this court's February 2004 denial of Mr. Dalton's motion for attorney fees became the law of the case as to those fees, the ARB erred in making its 2006 fee award. Pet'r Opening Br. at 16-17 (citing *Huffman v. Saul Holdings Ltd. P'ship (Huffman II)*, 262 F.3d 1128 (10th Cir. 2001), which reversed a district court's grant of appellate attorney fees on remand after this court had previously refused to grant those same fees). Contrary to Copart's contention, however, *Huffman II* is not controlling here.

In *Huffman v. Saul Holdings Limited Partnership (Huffman I)*, 194 F.3d 1072, 1084 (10th Cir. 1999), this court reversed a grant of summary judgment, remanded to the district court, and held "Plaintiffs' motion for attorneys' fees and costs is DENIED. The parties must bear their own costs and fees." Following remand, the district court found that it had jurisdiction to grant appellate attorney fees and costs despite our previous denial.

On appeal after remand, we held that, although the district court had adequate jurisdiction to make the award, our previous denial of fees and costs had become the law of the case and that both that doctrine and an important corollary to it known as the mandate rule limited the district court's exercise of its jurisdiction. *Huffman II*, 262 F.3d at 1132. Specifically, we recognized that

-5-

[t]he law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.  The doctrine has particular relevance following a remand order issued by an appellate court.  When a case is appealed and remanded, the decision of the appellate court establishes the law of the case and ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal.  The law of the case doctrine is intended to prevent continued re-argument of issues already decided, and to preserve scarce court resources-to avoid in short, Dickens's *Jarndyce v. Jarndyce* syndrome.

262 F.3d at 1132 (citations, internal quotation marks, and brackets omitted).  We further recognized that "the mandate rule[] provides that a district court must comply strictly with the mandate rendered by the reviewing court." *Id*. (internal quotation marks omitted).  Although *Huffman II* involved a *district court's* award of previously denied attorney fees on remand, we have held that

[a]lthough primarily applicable between courts of different levels, the doctrine [of law of the case] and the mandate rule apply to judicial review of administrative decisions, and require the administrative agency, on remand from a court, to conform its further proceedings in the case to the principles set forth in the judicial decision, unless there is a compelling reason to depart.

*Grigsby v. Barnhart*, 294 F.3d 1215, 1218 (10th Cir. 2002) (internal quotation marks and bracket omitted).

The instant question, then, is whether our February 2004 denial of attorney fees became the law of the case as to the merits of Mr. Dalton's fee claim.[2]

_____

[2]    Copart does not argue that the mandate rule required the ARB to deny Mr. Dalton's request for appellate attorney fees, so we need not address that argument.  But we note that our mandate reversing the ARB's prior reversal of the

(continued...)

Cognizant though we are of the already protracted nature of this litigation and the Dickensian *Jarndyce v. Jarndyce* worries that animated our reasoning and result in *Huffman II*, we are compelled to agree with the Department of Labor that the factual situation confronting this court in *Huffman II* is distinguishable from that in the case at hand, and that *Huffman II* is therefore not controlling. In *Huffman I*, this court had not only denied the plaintiffs' motion for attorney fees, we had also ordered the parties to bear their own costs and fees. In the instant case, we simply held "Petitioner's Motion for Attorney Fees is denied." Supp. Admin. R., Doc. 5, Attach. IV. The Department of Labor argues that it is impossible to tell from the order whether this court reached the merits of Mr. Dalton's attorney fee request under the STAA and thereby triggered application of the law of the case doctrine.

We have explained that "[t]he doctrine [of law of the case] applies to issues previously decided either explicitly or by necessary implication." *Guidry,* 10 F.3d at 705 (citation omitted); *see also United States v. Hatter*, 532 U.S. 557,

---

²(...continued)
ALJ's original decision, and remanding the case for further proceedings, was issued over two months prior to the filing of Mr. Dalton's motion for attorney fees and that no further mandate from this court was issued regarding the denial of the motion. *See Guidry v. Sheet Metal Workers Int'l Ass'n, Local No. 9*, 10 F.3d 700, 706 (10th Cir. 1993) ("When further proceedings follow a general remand, the lower court is free to decide anything not foreclosed by the mandate issued by the higher court.") (internal quotation marks omitted). We also note that Copart does not contest the ARB's jurisdiction to award attorney fees for work before this court.

566 (2001) ("The law of the case doctrine presumes a hearing on the merits.");

*Quern v. Jordan*, 440 U.S. 332, 347 n.18 (1979) ("The doctrine of law of the case

comes into play only with respect to issues previously determined."). Here, it is

clear that our order did not explicitly decide whether Mr. Dalton was entitled to

attorney fees under the STAA. Thus, we must determine whether our general

denial of Mr. Dalton's motion implicitly decided the issue on the merits. In

*Guidry*, we held that there were

> three grounds under the "law of the case" doctrine by which we
> might conclude an issue was implicitly resolved in a prior appeal, as
> follows: (1) resolution of the issue was a necessary step in resolving
> the earlier appeal; (2) resolution of the issue would abrogate the prior
> decision and so must have been considered in the prior appeal; and
> (3) the issue is so closely related to the earlier appeal its resolution
> involves no additional consideration and so might have been resolved
> but unstated.

*Id*. at 707.

None of these three grounds are present in this case. As to the first, it is

not clear from this court's general denial of attorney fees or the parties'

arguments regarding the fee application that this court necessarily found that

Mr. Dalton was not entitled to attorney fees under the STAA. In fact, in opposing

Mr. Dalton's application, Copart argued, among other things, that the application

should be denied because it was untimely and because this court did not have the

jurisdiction to grant attorney fees under the STAA. *See* Supp. Admin. R., Doc. 5,

Attach. VIII at 2-4. As to the second, because there was no explicit order in this

-8-

case (in contrast to the one in *Huffman I*) ordering the parties to bear their own costs, the ARB's subsequent grant of fees did not have the effect of abrogating any order of this court. Finally, the third ground would clearly not apply because it pertains to a situation where one issue has been explicitly or implicitly decided and the court must determine whether another issue is so closely related to the decided issue that it should also be considered the law of the case. This court's decision to deny attorney fees, by contrast, was not necessarily entwined with the merits of its reversal and remand. Consequently, we hold that the ARB did not violate the law of the case doctrine by awarding attorney fees for work before this court.[3]

## III

Copart's remaining points of error all claim that the ARB abused its discretion by awarding Mr. Dalton $142,740 for attorney fees. Copart argues the abuse of discretion occurred because: some of the fees awarded were for work performed prior to the ALJ's original decision (Point 2); some of the fees were for work related to the Department of Labor's enforcement action (Point 3); the ARB improperly and retroactively increased the rate charged by Mr. Dalton's attorney from $175 to $200 per hour (Point 4); some of the fees awarded were

---

[3] In light of the above, we need not address the ARB's determination that our ruling could not have reached the merits of the fee claim because under 49 U.S.C. § 31105(b)(3)(B) this court has no authority to award attorney fees for work before this court in STAA cases, and we express no opinion on that score.

fees for work that was duplicative of prior work (Point 5); some of the fees were for work concerning matters not before the ALJ, ARB, or this court (Point 6); and some of the fees were for work on motions for extensions of time that were not necessitated by Copart's actions (Point 7). The ARB rejected these arguments in awarding fees.

Under the APA, we must "hold unlawful and set aside agency action, findings, and conclusions found to be," among other possible infirmities, "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *see BSP Trans, Inc. v. United States Dep't of Labor*, 160 F.3d 38, 46 (1st Cir. 1998) (applying § 706(2) in the context of the STAA). "When we review an agency's decision under the arbitrary, capricious or abuse of discretion standard, our review is narrow and deferential; we must uphold the agency's action if it has articulated a rational basis for the decision and has considered relevant factors." *Slingluff v. Occupational Safety & Health Review Comm'n*, 425 F.3d 861, 866 (10th Cir. 2005) (internal quotation omitted).

We have examined the parties' briefs, Copart's supplemental appendix, and the administrative record in regard to these points of error. We substantially agree with the ARB's reasoning in denying these arguments and hold that it is clear that the ARB considered all relevant factors and articulated rational bases for its award of fees. We therefore hold that the ARB's award was not arbitrary

-10-

or capricious or an abuse of the ARB's discretion.  Copart's remaining points of error are denied.

*   *   *

In light of the above, Copart's petition for review is denied.  Charles Dalton's unopposed Combined Motion to Permit Filing of Motion to Intervene Out of Time and Motion to Intervene is granted.  The Clerk's office shall accept Mr. Dalton's response brief for filing.