COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Beales and Decker
Argued at Chesapeake, Virginia

ATLANTIC ENVIRONMENTAL
 CONSTRUCTION COMPANY

                                                              OPINION BY
v.    Record No. 1844-13-1                        JUDGE D. ARTHUR KELSEY
                                                            SEPTEMBER 2, 2014

COURTNEY M. MALVEAUX, COMMISSIONER
 VIRGINIA DEPARTMENT OF LABOR AND INDUSTRY

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
James A. Cales, Jr., Judge Designate

R. Leonard Vance for appellant.

Joshua E. Laws, Assistant Attorney General (Mark R.
Herring, Attorney General; Cynthia Hudson, Chief
Deputy Attorney General; Kristina Perry Stoney,
Senior Assistant Attorney General & Section Chief, on
brief), for appellee.

Atlantic Environmental Construction Company (AEC) appeals a judgment of the circuit

court affirming citations proposed by the Commissioner of the Virginia Department of Labor and

Industry against AEC for two workplace safety violations.  AEC argues that the circuit court

misapplied principles of *respondeat superior* by imputing to AEC its site supervisor's knowledge

of the safety violations.  We disagree and affirm.

I.

In March 2011, inspectors from the Virginia Department of Labor and Industry (VDLI)

observed AEC construction workers on a roof at the Chrysler Museum in Norfolk without proper

fall-protection equipment.  Two workers were later observed walking next to a glass skylight,

and two workers were "sitting at the edge of the skylight."  App. at 61.  Most of the workers

were not tied up to any kind of "fall arrest system," id., a safety measure designed to keep them

from falling from the roof and to break their fall if they do.  One of the workers wore a harness,

PUBLISHED

but the inspector could not confirm "whether he was attached" to a "fall arrest system." Id.
Additionally, "[t]here was no guardrail system" installed, and "[t]he skylight did not have a
cover." Id. VDLI issued three citations against AEC alleging "serious" violations of the
Virginia Occupational Safety and Health Act, Code § 40.1-1 *et seq.* (VOSHA). See generally
Code § 40.1-49.3 (defining "[s]erious violation").[1] When AEC contested the citations, VDLI
filed an enforcement action in circuit court, pursuant to Code § 40.1-49.4(E).

In the circuit court proceeding, VDLI proved that several roofers failed to use fall-
protection equipment in violation of VOSHA safety regulations. VDLI also showed that AEC's
site supervisor had been present on the job site at the time and knew of the safety violations.
AEC conceded these facts but argued that the supervisor had an exemplary work record and that
it was wholly unforeseeable he would have countenanced such basic violations of VOSHA
safety rules.[2] For this reason, AEC argued, it could not be held liable for the safety violations
under *respondeat superior* principles, and even if it could be, AEC would be entitled to assert the
employee misconduct defense recognized by 16 Va. Admin. Code § 25-60-260(B).

The circuit court affirmed two of VDLI's citations for serious violations and vacated the
third. The court explained its ruling on the two affirmed citations:

> [T]he Court finds that AEC's defense of employee misconduct on
> the part of their supervisor, Eddy Wever, does not apply based on

---

[1] The first citation alleged a violation of 29 C.F.R. § 1926.50l(b)(4)(i) (failure to use fall protection while working next to a skylight), § 1926.501(b)(10) (failure to use fall protection while working on a low-slope roof), § 1926.503(a)(l) (inadequate training on the need for fall protection). "The Virginia Safety and Health Codes Board adopted most, but not all, of the federal Construction Industry Standards, 29 C.F.R. § 1926 *et seq*." Davenport v. Summit Contractors, Inc., 45 Va. App. 526, 530, 612 S.E.2d 239, 241 (2005) (citing Code § 40.1-22(5); 16 Va. Admin. Code § 25-175-1926). AEC also received an "other than serious" citation for not providing records pursuant to 29 C.F.R. § 1904.40(a), but that citation was not pursued in the enforcement action before the circuit court and ultimately was vacated. App. at 26, 41.

[2] VDLI disputed this factual assertion and presented evidence that the supervisor had a less-than-perfect safety record. Given our holding, however, it is unnecessary to address this factual dispute.

16 VAC 25-60-260.C. Further AEC's defense of lack of foreseeability is also rejected. The Court further finds that [VDLI] proved by a preponderance of the evidence with regard to the skylight fall protection violation, § 1926.50 l(b)(4)(i) and the roof edge fall protection violation § 1926.501(b)(10), that the cited standards applied, that the standards were violated, that the employer knew of the violations, and that employees were exposed to the hazard.

App. at 25.

## II.

On appeal, AEC contends that the circuit court erred as a matter of law by finding "that the two VOSHA fall protection citations . . . were foreseeable" by AEC. Appellant's Br. at 2. Necessarily implicit in this assertion is that, without foreseeability, AEC could not be held liable for monetary penalties issued for violations of VOSHA.

### A. THE VOSHA ENFORCEMENT ACTION

In Code § 40.1-49.4(A)(1), VOSHA authorizes VDLI to inspect private industry workplaces and to issue a citation if VDLI has "reasonable cause to believe" a violation of a safety or health standard has occurred. Nat'l Coll. of Bus. & Tech., Inc. v. Malveaux, 60 Va. App. 22, 31-32, 723 S.E.2d 270, 275 (2012). VDLI, however, can only "propose" a civil penalty for the cited violation. Code § 40.1-49.4(A)(4)(a). If the employer timely contests the citation or the proposed penalty, VDLI must file an enforcement action in circuit court. Code § 40.1-49.4(E).

Reviewing the matter *de novo*, the circuit court must issue "findings of fact and conclusions of law, affirming, modifying or vacating [VDLI's] citation or proposed penalty, or directing other appropriate relief" deemed necessary by the court. Id.; see Davenport v. Summit Contractors, Inc., 45 Va. App. 526, 528, 612 S.E.2d 239, 240 (2005). In the circuit court proceeding, the litigants have full access to pretrial discovery, Code § 40.1-49.4(L), and VDLI

bears the burden of proving, by a "preponderance of the evidence," the basis for the citation and the proposed penalty, Nat'l Coll. of Bus. & Tech., Inc. v. Davenport, 57 Va. App. 677, 685, 705 S.E.2d 519, 523 (2011).[3]

## B. PROVING A "SERIOUS VIOLATION" OF VOSHA

Under Code § 40.1-49.3, a "[s]erious violation" is one involving a "substantial probability" of "death or serious physical harm." See generally 3-11 Occupational Safety & Health Act § 11.05[3][f][ii] (Matthew Bender & Co. 2014). Built into this definition, however, is an important caveat: No matter the gravity of the risk of harm, a serious violation cannot be found if "the employer did not, and could not with the exercise of reasonable diligence, know of the presence of the violation." Code § 40.1-49.3. With this limiting concept, VOSHA eschews a strict liability regime and incorporates foreseeability into the statutory standard. See Floyd S. Pike Elec. Contractor, Inc. v. Comm'r, Dep't of Labor & Indus., 222 Va. 317, 322-23, 281 S.E.2d 804, 807 (1981) ("An employer . . . need not take steps to prevent hazards which are not generally foreseeable, including idiosyncratic behavior of an employee . . . ." (internal quotation marks omitted)).

Under *respondeat superior* principles, the knowledge of a "job foreman" or a "supervisor" that employees under his watch are violating VOSHA can be imputed to his employer. Magco of Md., Inc. v. Barr, 33 Va. App. 78, 83-85, 531 S.E.2d 614, 616-17 (2000) (applying the "longstanding principle in the Commonwealth that a foreman's knowledge of facts

---

[3] In these respects, a VOSHA enforcement proceeding bears little resemblance to the typical scenario in which agency decisionmaking is subject to judicial review. See generally Family Redirection Inst., Inc. v. Dep't of Med. Assistance Servs., 61 Va. App. 765, 771, 739 S.E.2d 916, 919-20 (2013) (Under the Virginia Administrative Process Act, "the circuit court reviews an agency's action in a manner equivalent to an appellate court's role in an appeal from a trial court. In this sense, the General Assembly has provided that a circuit court acts as an appellate tribunal. The circuit court has no authority under VAPA to reweigh the facts in the agency's evidentiary record." (citations and internal quotation marks omitted)).

or events on a worksite is imputed to his employer"), aff'd on other grounds, 262 Va. 1, 545 S.E.2d 548 (2001).[4] Addressing this issue under the Occupational Safety and Health Act, 29 U.S.C. § 651 *et seq.* — the statutory template for VOSHA, Davenport, 45 Va. App. at 529, 612 S.E.2d at 241 — federal courts have come to the same conclusion: "When a corporate employer entrusts to a supervisory employee its duty to assure employee compliance with safety standards, it is reasonable to charge the employer with the supervisor's knowledge actual or constructive of noncomplying conduct of a subordinate." Mountain States Tel. & Tel. Co. v. Occupational Safety & Health Review Comm'n, 623 F.2d 155, 158 (10th Cir. 1980). "It is reasonable to do this because a corporate employer can, of course, only act through its agents . . . and the supervisor acts as the 'eyes and ears' of the absent employer. That makes his knowledge the employer's knowledge." ComTran Grp. v. U.S. Dep't of Labor, 722 F.3d 1304, 1317 (11th Cir. 2013).

The result is different, however, when the foreman or supervisor is himself the "actual malfeasant" guilty of unforeseeable "rogue conduct." Id. at 1313, 1316 (internal quotation marks omitted); see W.G. Yates & Sons Constr. Co. v. Occupational Safety & Health Review Comm'n, 459 F.3d 604, 609 n.8 (5th Cir. 2006). As many courts have explained, "there is, in fact, a 'reasoned basis' to draw a distinction between a supervisor's knowledge of a subordinate's misconduct (which everyone agrees is imputable to the employer) and knowledge of his own

---

[4] AEC contends that the *respondeat superior* principle effectively converts VOSHA's fault-based liability standard into a system of "strict liability." Appellant's Br. at 9. We see nothing conceptually or functionally inconsistent between a fault-based liability standard and the imputed knowledge component of the doctrine of *respondeat superior*. The common law of torts, for example, rests on a fault-based liability standard, and it imputes to a principal the knowledge of an authorized agent. See Restatement (Second) of Agency § 496 cmt. a & illus. 1, 4. Accord 1 William Blackstone, Commentaries *431-32 ("[The master] may frequently be answerable for his servant's misbehavior . . . . The reason of this is still uniform and the same; that the wrong done by the servant is looked upon in law as the wrong of the master himself."); W. Page Keeton et al., Prosser & Keeton on the Law of Torts § 69, at 499-500 (5th ed. 1984).

misconduct (which the clear majority of [federal] circuits have held is not)." ComTran Grp., 722 F.3d at 1317.[5] In cases in which "the misconduct is the supervisor's own," the employer truly "has no 'eyes and ears.' It is, figuratively speaking, blind and deaf. To impute knowledge in this situation would be fundamentally unfair." Id. at 1317 (footnote omitted).

In addition, VOSHA regulations provide an affirmative defense to liability, usually called the employee misconduct defense. It applies if the employer proves it provided employees with the proper training and equipment; established, communicated, and enforced applicable safety rules; and took "[r]easonable steps" to discover safety violations. 16 Va. Admin. Code § 25-60-260(B). The defense protects the employer when, despite these precautions, one of its employees failed "to observe work rules" in violation of VOSHA. Id. For purposes of this defense, however, "the term 'employee' shall not include any officer, management official or supervisor having direction, management control or custody of any place of employment which was the subject of the violative condition cited." 16 Va. Admin. Code § 25-60-260(C).

---

[5] See, e.g., P. Gioioso & Sons, Inc. v. Occupational Safety & Health Review Comm'n, 675 F.3d 66, 73 (1st Cir. 2012); N.Y. State Elec. & Gas Corp. v. Sec'y of Labor, 88 F.3d 98, 105 (2d Cir. 1996); Pa. Power & Light Co. v. Occupational Safety & Health Review Comm'n, 737 F.2d 350, 357-58 & n.9 (3d Cir. 1984); Central Soya de Puerto Rico, Inc. v. Sec'y of Labor, 653 F.2d 38, 39-40 (1st Cir. 1981); Mountain States Tel. & Tel. Co. v. Occupational Safety & Health Review Comm'n, 623 F.2d 155, 158 (10th Cir. 1980); Ga. Elec. Co. v. Marshall, 595 F.2d 309, 321 (5th Cir. 1979); IBP, Inc. v. Iowa Emp't Appeal Bd., 604 N.W.2d 307, 323 (Iowa 1999); Md. Comm'r of Labor & Indus. v. Cole Roofing Co., 796 A.2d 63, 70 n.5 (Md. 2002); cf. Horne Plumbing & Heating Co. v. Occupational Safety & Health Review Comm'n, 528 F.2d 564, 570-71 (5th Cir. 1976).

AEC contends Ocean Elec. Corp. v. Sec'y of Labor, 594 F.2d 396 (4th Cir. 1979), one of the earliest federal opinions on this subject, "discussed *respondeat superior* and explicitly rejected it." Appellant's Reply Br. at 4. We disagree. Ocean Elec. Corp. accepted the basic principle that a "corporation can only act through its agents and to excuse [the employer corporation] simply because its foreman was negligent would emasculate the Act." Ocean Elec. Corp., 594 F.2d at 399. The Fourth Circuit limited this liability by not applying it to a supervisor's personal violation of OSHA standards that appeared to be an "isolated incident of unforeseeable or idiosyncratic behavior." Id. at 401. That holding, however, does not address whether a supervisor's knowledge of violations by subordinate employees can be imputed to the corporate employer.

## C. AEC's Liability Based Upon Its Supervisor's Knowledge

Sitting as factfinder, the circuit court found that AEC's supervisor on the job site was aware of the two safety violations involving the roofers working without proper fall-protection equipment. Despite this knowledge, the supervisor did not intervene or take any corrective action. AEC does not contest these findings on appeal. Instead, AEC contends simply that the corporate entity did not have actual or constructive knowledge of these violations.

AEC's argument, however, circles back to first principles. To say that AEC did not have knowledge of the violations presupposes a premise that we do not accept — that the supervisor's knowledge cannot be imputed to AEC. Under *respondeat superior* principles, AEC and its job site supervisor are one and the same for the purposes of determining AEC's knowledge. The only exceptions to this imputed knowledge do not exist under the facts of this case. VDLI never asserted that the AEC site supervisor personally violated VOSHA to the extent that it could be said that he was an "actual malfeasant" guilty of unforeseeable "rogue conduct." ComTran Grp., 722 F.3d at 1313, 1316. Nor does AEC assert on appeal that the employee misconduct defense applies under 16 Va. Admin. Code § 25-60-260(B) or even that it could apply given its inapplicability to supervisors "having direction, management control or custody" of the job site, pursuant to 16 Va. Admin. Code § 25-60-260(C).[6]

---

[6] Virginia's version of the employee misconduct defense appears to be narrower than its federal counterpart. See 29 U.S.C. § 652(6) (not excluding supervisory personnel from the definition of employee, which is defined as "an employee of an employer who is employed in a business of his employer which affects commerce"). The federal definition of "employee" has been interpreted broadly, including anyone who is an employee under common-law agency principles. See generally Slingluff v. Occupational Safety & Health Review Comm'n, 425 F.3d 861, 867-68 (10th Cir. 2005) (noting the "circular definition" of "employee" in 29 U.S.C. § 652(6) and determining "employee" status by interpreting the definition under common-law principles consistent with the statute); Loomis Cabinet Co. v. Occupational Safety & Health Review Comm'n, 20 F.3d 938, 941-42 (9th Cir. 1994) ("[W]here a statute [29 U.S.C. § 652] contains no other provision that either gives specific guidance to the meaning of the term 'employee' or suggests that the common law definition is inappropriate, we must presume that Congress intended to incorporate traditional principles of agency law.").

III.

    In sum, the circuit court correctly applied *respondeat superior* principles to this VOSHA enforcement action.  Relying upon these principles, the court's unchallenged factual findings fully support its decision to affirm VDLI's two citations against AEC for serious violations of the VOSHA standards for fall protection.

<u>Affirmed.</u>